**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| JACK P. DEJESUS<br>43129 Holtby Square<br>Chantilly, VA 20152,<br><br>      Plaintiff,<br><br>  v.<br><br>WILLIAM J. BURNS, Director,<br>Central Intelligence Agency,[1]<br>Washington, DC 20505<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.  Plaintiff Jack P. DeJesus, by and through undersigned counsel, hereby files this action against Defendant Central Intelligence Agency (CIA or "Agency"), pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. Plaintiff seeks relief pursuant to the ADEA, i.e., 29 U.S.C. § 626(c), for harms caused to Plaintiff by Defendant's unlawful discrimination on the basis of his age, when Plaintiff was removed from the Agency, and on the basis of his age and prior EEO activity (retaliation) when Plaintiff was prevented from onboarding at the Agency for a subsequent job opportunity at the Agency. Plaintiff requests as relief: injunctive relief in the form of reinstatement, with backpay and back benefits retroactive to June 22, 2021; payment for lost job opportunities that were turned down to work at the Agency; front pay; maximum compensatory damages (if applicable); liquidated damages under the ADEA; attorney fees, costs, and expenses; and such other relief as the Court deems just and

---

[1] Due to the nature of this agency, no Agency locations will be specifically identified in this Complaint.

appropriate, in order to fully remedy Defendant's unlawful acts.

## PARTIES

2. Plaintiff Jack P. DeJesus is a United States citizen and a resident of Virginia, and was so at all times relevant to this Complaint. He currently resides at 43129 Holtby Square, Chantilly, VA 20152. He was employed as an instructor at the Agency starting in 2005, until June 2021. He is 63 years old.

3. Defendant William J. Burns is the Director of the Central Intelligence Agency (CIA or "Agency"), and as such, has ultimate authority over the actions of the Agency. Defendant is sued in his official capacity only. The Agency is located in Virginia, but its address cannot be disclosed for national security reasons.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint because it presents questions of federal law. 28 U.S.C. § 1331.

5. Specifically, this Court has jurisdiction over this Complaint pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 626(c). Plaintiff worked for the Agency within the jurisdiction of the Newport News Division. Plaintiff's supervisors were also located within this jurisdiction, and the discriminatory acts complained of occurred within this jurisdiction.

7. Mr. DeJesus' age discrimination claims are timely per 29 U.S.C. § 633a(c), which allows Mr. DeJesus to bring his age discrimination complaint in U.S. District Court after filing an Equal Employment Opportunity (EEO) complaint with the Agency and participating in the administrative process. Mr. DeJesus filed a formal EEO complaint with the Agency on September

20, 2021, alleging discrimination on the basis of age concerning his removal on June 22, 2021, and he received a letter of determination dismissing his complaint on June 30, 2022. Within 30 days of his receipt of this dismissal of his formal EEO complaint, Mr. DeJesus filed a notice of appeal with the Equal Employment Opportunity Commission's (EEOC's) Office of Federal Operations (OFO), on July 29, 2022. On November 10, 2022, the OFO issued a decision in favor of the Agency, for which Mr. DeJesus timely filed a Request for Reconsideration, on December 12, 2022 (on the Monday following a weekend, which was timely per 29 CFR § 1614.604 (d)). On September 21, 2023, the OFO issued a Decision on the Request for Reconsideration, in favor of the Agency, noting that the EEOC will presume that the decision was received within 5 days of issuance and providing Mr. DeJesus with the right to file a civil action within 90 days of receipt. Mr. DeJesus is timely filing this civil action within 90 days of his receipt.

8.  In addition, Mr. DeJesus filed another formal EEO complaint at the Agency, on December 16, 2022, alleging discrimination on the basis of his age, disability, and prior EEO activity (retaliation), for being terminated from a project at the Agency and for being thwarted from onboarding at the Agency. After going through the EEO administrative process at the Agency for this second EEO complaint, Mr. DeJesus timely filed a hearing request with the EEOC on August 16, 2023, within 30 days of his attorney's receipt of the Agency's letter notifying Mr. DeJesus of his right to request an EEOC hearing. This second EEO complaint became an EEOC case, and the parties participated in an initial conference and initiated written discovery. Mr. DeJesus has informed the EEOC, through a letter from his counsel, that he is withdrawing his EEOC hearing request to pursue this complaint in federal court. Thus, the instant Complaint in this Court encompasses issues from Mr. DeJesus' two EEO complaints at the Agency. Both complaints have gone through the administrative process at the Agency and are ripe for litigation

in federal court.

## FACTS

9. Born in October 1960, Mr. DeJesus is a 63-year-old man. He is a member of a protected group by virtue of his age, and he is also a disabled veteran. Mr. DeJesus was a long-time, loyal, dedicated employee of the Agency and is a former member of a special forces unit (18 Delta Special Forces Medic with the U.S. Army).

10. Mr. DeJesus started working for the Agency in 2005 as an instructor. Mr. DeJesus taught various topics such as survival tactics until his removal on June 22, 2021.[2]

11. The content of Mr. DeJesus' classes was determined by his supervisors, who controlled and authorized the material taught to the students by the instructors, as well as the manner in which the students were taught.

12. The Agency controlled Mr. DeJesus' hours, work location, projects, and schedule. All tools, materials, equipment, and uniforms used by Mr. DeJesus were furnished by the Agency. The Agency provided Mr. DeJesus with health benefits, by providing screenings, hearing tests, and flu vaccines every year, and also providing him with access to the clinic just as for other employees.

13. Mr. DeJesus' supervisor directed him to attend events for federal employees such as retirement parties.

14. Mr. DeJesus was a federal employee, reporting to his first level supervisor Marc and second level supervisor Johnny (federal employee supervisors at the Agency) for approximately one to one and a half years before Mr. DeJesus was removed (terminated) from the

---

[2] The specifics of Mr. DeJesus' instruction will not be elucidated, and the facts in general in this Complaint will be truncated, due to the nature of the Agency and in the interest of national security.

Agency on June 22, 2021.

15. On or about June 22, 2021, Mr. DeJesus had a meeting with his supervisors Marc and Johnny and another federal employee. They informed Mr. DeJesus that he was being removed, but they would not provide any detailed justifications for the removal. Mr. DeJesus' supervisors had not raised any concerns with him previously in a formal way, such as formal counseling or anything in writing, and Mr. DeJesus had no prior notice of any major concerns that would justify his removal. In fact, his second-level supervisor Johnny had sat in on several of Mr. DeJesus' classes and had not raised any issues.

16. In his tenure at the Agency, Mr. DeJesus observed younger instructors being hired as older instructors were pushed out.

17. Mr. DeJesus' supervisor Marc asked Mr. DeJesus and another older instructor to both work half-time, in order to free up a position for a younger employee to be hired. On information and belief, other older instructors were pushed to reduce their hours to half-time as well.

18. Besides Mr. DeJesus, other instructors over the age of 40 were removed without warning or explanation or were constructively discharged.

19. Older instructors have been targeted for removal or a reduction in their working hours, while younger instructors have been brought in by management.

20. The Agency's removal of Mr. DeJesus has caused lost salary and benefits, damage to his career and reputation, and lost job opportunities. Defendant's discriminatory actions constitute disparate treatment of Mr. DeJesus on the basis of his age and protected EEO activity. Alternatively, Defendant's actions have resulted in a disparate impact on Mr. DeJesus due to his age and protected EEO activity.

21. In addition to Mr. DeJesus' removal on or about June 22, 2021, Mr. DeJesus was terminated from a project at the Agency on July 28, 2022. As with his previous removal, Mr. DeJesus filed an EEO complaint at the Agency, alleging discrimination and retaliation concerning this termination in July 2022.

22. Concerning this second termination in July 2022, Mr. DeJesus had gone through an onboarding process for months and was completing this process at the Agency. He went on the Agency site and spent several hours completing the onboarding process. At the end of this process, Mr. DeJesus was told that he was not allowed to be on the project due to his history at the Agency. (Plaintiff notes that his history is that he had filed an EEO complaint against the Agency based on his removal in 2021.) Mr. DeJesus was told that an Agency employee stated that he was not allowed to be on the project and that he needed to be debriefed as he had onboarded.[3]

23. Mr. DeJesus' removal from his instructor position at the Agency in 2021, and his subsequent removal from a project in 2022, are not warranted or based on any misconduct. The Agency has not given any formal discipline to Mr. DeJesus regarding his conduct during his tenure with the Agency.

## CAUSES OF ACTION

### COUNT I
### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

24. Mr. DeJesus repeats and realleges the allegations contained in the preceding paragraphs as though the same are set forth in full herein.

25. Mr. DeJesus was an employee of the Agency within the meaning of the ADEA and

---

[3] The complete onboarding process and details are not being provided in this Complaint due to national security reasons.

applicable laws when he was removed on or about June 22, 2021.

26. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Jack P. DeJesus on the basis of his age (born in October 1960) in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. Damages such as backpay and liquidated damages are warranted. (*See* Relief Requested section *infra*.)

## COUNT II
## RETALIATION
## IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

27. Mr. DeJesus repeats and realleges the allegations contained in the preceding paragraphs as though the same are set forth in full herein.

28. Based upon the facts described in the preceding paragraphs, Defendant unlawfully retaliated against Plaintiff Jack P. DeJesus in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 623(d).

## RELIEF REQUESTED

29. Plaintiff requests any and all relief provided by the discrimination laws, including but not limited to the following:

   a. Injunctive relief in the form of reinstatement as an instructor, with backpay and back benefits retroactive to June 22, 2021;

   b. Payment for lost job opportunities that were turned down to work at the Agency;

   c. Front pay;

   d. Maximum compensatory damages (if applicable);

   e. Liquidated damages under the ADEA;

   f. Attorney fees, costs, and expenses; and

g. Such other relief as the Court deems just and appropriate.

## JURY TRIAL

30. Plaintiff requests a trial by jury on all issues that are triable by jury.

December 20, 2023                                           Respectfully submitted,

/s/ LENORE C. GARON
LENORE C. GARON
VSB # 39934
Law Office of Lenore C. Garon, PLLC
2412 Falls Place Court
Falls Church, VA 22043
Phone: 703-534-6662
Fax: 703-534-4448
lenore@lenorecgaron.com
*Attorney for Plaintiff*

/s/ DANIEL K. GEBHARDT
DANIEL K. GEBHARDT
(D.C. Bar No. 975703)
Solomon Law Firm, PLLC
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
Phone: 866-833-3529
Fax: 202-688-1896
dgebhardt@fedemploylaw.com
*Attorney for Plaintiff*
*(pro hac vice motion forthcoming)*