## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | | |
|---|---|---|
| KEVIN REAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-cv-158 |
| | ) | |
| WILLIAM J. BURNS, Director, | ) | |
| Central Intelligence Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Kevin Reagan, by and through undersigned counsel, hereby submits his Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss and respectfully requests this Court deny Defendant's Motion to Dismiss in its entirety.

### I.       Introduction

Plaintiff Kevin Reagan filed a Complaint in this Court on December 20, 2023, against the Central Intelligence Agency ("Agency" or Defendant), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA). *See* Plaintiff's Complaint, re-filed as Dkt. 43.  Specifically, Mr. Reagan alleges age discrimination concerning the Agency's termination of his employment on or about June 22, 2021, and alleges age discrimination and retaliation concerning the Agency terminating him from a project at the Agency on July 8, 2022. *Id*., at 1, para. 1.

The Agency filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on August 14, 2024 (Dkt. 44-45), arguing that Plaintiff's Complaint fails to allege sufficient facts to support a plausible claim of age discrimination or retaliation and should be dismissed.  However, Plaintiff has alleged

sufficient facts to support a plausible claim of age discrimination and retaliation, and for the reasons articulated in this Opposition, Defendant's Motion to Dismiss should be denied.

## II.     Procedural History

As noted in his Complaint, Mr. Reagan filed a formal EEO complaint with the Agency on September 20, 2021, alleging discrimination on the basis of age concerning his removal (termination) from the Agency on June 30, 2022. *See* Complaint, Dkt. 43, at 2-3, para. 7.  Instead of accepting Mr. Reagan's claims for investigation, the Agency dismissed Mr. Reagan's initial EEO complaint. *Id*.  The Agency never investigated Mr. Reagan's EEO complaint to adduce the crucial facts of his original termination claim.  Instead, the Agency dismissed Mr. Reagan's initial EEO complaint, and after review by the EEOC's appellate unit, the Office of Federal Operations (OFO), Mr. Reagan timely filed his consolidated claims in this Court. *Id*. at paras. 7-8.

While Mr. Reagan's appeal of the Agency's dismissal was pending before the OFO, he pursued a second EEO complaint, filed as a formal EEO complaint on December 16, 2022, alleging discrimination on the basis of his age, disability, and prior EEO activity (retaliation), for being terminated from a project at the Agency and for being thwarted from onboarding at the Agency. *See* Complaint, Dkt. 43, at 3, para. 8.  The retaliation claim is based on Mr. Reagan's first EEO complaint as his protected activity.  This second EEO complaint became an EEOC case, and the parties participated in an initial conference and initiated written discovery. *Id*.  No discovery responses were exchanged, and no depositions were taken.  As the OFO's September 21, 2023 Decision in favor of the Agency on Plaintiff's first EEO complaint triggered a filing deadline in this Court, Plaintiff withdrew his EEOC case (concerning his second EEO complaint) from the EEOC on December 20, 2023 and filed his Complaint in this Court on the same date. *Id*. at paras.

2

7-8.  There has been no discovery concerning the underlying EEO complaints, and Mr. Reagan's

primary, initial EEO complaint was never investigated by the Agency.

Plaintiff's two EEO complaints at the EEO administrative level result in two main claims,

for: (1) discrimination on the basis of age concerning his removal (termination) from the Agency

on or about June 22, 2021, and (2) discrimination on the basis of his age and prior EEO activity

(retaliation), for being terminated from a project at the Agency on July 8, 2022, at the end of the

onboarding process. *Id*. at paras. 21-23.  Age discrimination applies to the first claim, and age

discrimination and retaliation apply to the second claim.

### III.    Argument

### A.  Standard of Review

Courts in this Circuit have determined that in considering a Defendant's Motion to

Dismiss under Rule 12(b)(6), the Court must accept plaintiff's "well-pled" allegations as true

and draw all reasonable inferences from the facts in the light most favorable to the plaintiff.

*Ibarra v. U.S.*, 120 F.3d 472, 472, 473 (4th Cir. 1997).  Courts have held, "[a] complaint should

not be dismissed 'unless it appears to a certainty that the plaintiff would be entitled to no relief

under any state of facts which could be proved in support of his claim.'" *Assa'ad-Faltas v.

Virginia*, 738 F. Supp. 982, 985 (E.D. Va. 1989).  A complaint should thus not be dismissed

merely because the court doubts that the plaintiff will ultimately prevail; "'[s]o long as a plaintiff

colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should

not be granted.'" *Id.*; *see also Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) ("To

survive a motion to dismiss, a plaintiff's factual allegations, taken as true, must 'state a claim to

relief that is plausible on its face.' . . . [The allegations in the complaint] need only give the

defendant fair notice of what the claim is and the grounds on which it rests.") (*citing Robertson*

*v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012); *Wright v. North Carolina*, 787

F.3d 256, 263 (4th Cir. 2015)).

**B. The Court Should <u>Not</u> Dismiss Count I of Plaintiff's Complaint for Failure to State a Claim.**

In Defendant's Motion (at 8-15), the Agency argues that the Court should dismiss

Plaintiff's age discrimination claim under the ADEA (Count I).   However, Plaintiff alleged

sufficient facts in his Complaint (Dkt. 43) to support a plausible claim of age discrimination,

including presenting allegations supporting a *prima facie* case of age discrimination.

In its Motion (at 6-7), Defendant cites three cases which cite *McCleary-Evans v. Md. Dep't*

*of Transp.*, 780 F.3d 582 (4th Cir. 2015), which sets forth a plaintiff's burdens to overcome a Rule

12(b)(6) motion to dismiss.  *McCleary-Evans* provides:

> In *Swierkiewicz*, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive [a] motion to dismiss," 534 U.S. at 515, 122 S.Ct. 992, because "[t]he prima facie case ... is an evidentiary standard, not a pleading requirement," *id*. at 510, 122 S.Ct. 992, that may require demonstrating more elements than are otherwise required to state a claim for relief, *id*. at 511–12, 122 S.Ct. 992. The Court stated that requiring a plaintiff to plead a prima facie case would amount to a "heightened pleading standard" that would conflict with Federal Rule of Civil Procedure 8(a)(2). *Id*. at 512, 122 S.Ct. 992. As the Court explained:

>> [I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case.

> *Id*. at 511, 122 S.Ct. 992. Accordingly, the Court concluded that "the ordinary rules for assessing the sufficiency of a complaint apply," referring to Federal Rule of Civil Procedure 8(a)(2). *Id*.

> *See McCleary-Evans,* 780 F.3d at 584-585.

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), and

*McCleary-Evans* provide that Plaintiff Kevin Reagan need not plead a *prima facie* case of

discrimination to survive a motion to dismiss, as the *prima facie* case is an evidentiary standard, not a pleading requirement. However, *McCleary-Evans* notes that in order to survive a motion to dismiss, a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level (citing to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)):

> In light of *Swierkiewicz*, McCleary–Evans appropriately argues that the district court erred in its analysis by requiring her to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss. But the district court's erroneous analysis in this case will not save the complaint if, under the "ordinary rules for assessing the sufficiency of a complaint," *Swierkiewicz*, 534 U.S. at 511, 122 S.Ct. 992, it fails to state a plausible claim for relief under Title VII. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir.2010) ("[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, *see Swierkiewicz* , '[f]actual allegations must be enough to raise a right to relief above the speculative level' " (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 )).
>
> Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks and citation omitted). But this rule for pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Instead, a complaint must contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Id.*; *see also Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (holding that a complaint "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement' " does not "suffice" (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 )). The Supreme Court has accordingly held that Rule 8(a)(2) requires that "a complaint ... contain[ ] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' " in the sense that the complaint's factual allegations must allow a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (emphasis added) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955 ); see also Coleman, 626 F.3d at 191 (finding a complaint inadequate because its allegations "fail[ed] to establish a plausible basis for believing ... that race was the true basis for [the adverse employment action]").

*See McCleary-Evans,* 780 F.3d at 585.

Here, Plaintiff's Complaint presents a short and plain statement of the claim showing that Plaintiff is entitled to relief for age discrimination and giving fair notice to Defendant, per *Twombly*. Plaintiff's Complaint does not consist of mere labels and conclusions, nor is it a

formulaic recitation of the elements of a cause of action.  Plaintiff's complaint provided specific

facts of age discrimination such that the Court may draw a reasonable inference that Defendant is

liable for age discrimination:

> 16. In his tenure at the Agency, Mr. Reagan observed younger instructors being hired as older instructors were pushed out.
>
> 17. Mr. Reagan's supervisor Marc asked Mr. Reagan and another older instructor to both work half-time, in order to free up a position for a younger employee to be hired. On information and belief, other older instructors were pushed to reduce their hours to half-time as well.
>
> 18. Besides Mr. Reagan, other instructors over the age of 40 were removed without warning or explanation or were constructively discharged.
>
> 19. Older instructors have been targeted for removal or a reduction in their working hours, while younger instructors have been brought in by management.
>
> 20. The Agency's removal of Mr. Reagan has caused lost salary and benefits, damage to his career and reputation, and lost job opportunities. Defendant's discriminatory actions constitute disparate treatment of Mr. Reagan on the basis of his age and protected EEO activity.  Alternatively, Defendant's actions have resulted in a disparate impact on Mr. Reagan due to his age and protected EEO activity.
>
> *See* Complaint, Dkt. 43, at 5, paras. 16-20.

Plaintiff observed younger instructors being hired as older instructors were pushed out;

older instructors being asked to work half-time so that a younger employee could be hired; removal

of other instructors over the age of 40 without warning or explanation; and older instructors being

targeted for removal or reduction in their working hours.  These facts establish the differential

treatment of older employees like Mr. Reagan vis a vis the preferential treatment of younger

employees, and all of Plaintiff's factual allegations must be accepted as true in an assessment of

Defendant's motion to dismiss. *See Erickson v. Pardus*, 127 S. Ct. 2197, 167 L.Ed.2d 1081, 551

U.S. 89, 94 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true

all of the factual allegations contained in the complaint") (citing to *Twombly*, at 555 – 556,

*Swierkiewicz*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Moreover, the Court must draw all reasonable inferences in Plaintiff's favor. *See Byam v. Ocean Enter*. 589, 23-1193 (4th Cir. Feb 26, 2024) (noting that the district court must accept well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor) (citing to *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017). In sum, the Court must accept Mr. Reagan's allegations as true and draw all reasonable inferences in his favor, with the stipulation from *Iqbal* that the Complaint should contain sufficient facts that, accepted as true, state a claim for relief that is plausible on its face. *See id*. (*Bryam*). Here, Mr. Reagan has pled facts of age discrimination that must be taken as true, and justify his claim for relief, as he was removed (terminated) from the Agency in 2021, after working successfully there since 2005 (*see* Complaint, Dkt. 43, at 4-5, paras. 10, 15, and 20) and then terminated from a project at the Agency in 2022 after going through the onboarding process (*see* Dkt. 43, at 6, paras. 21-23). Further, all reasonable inferences must be drawn in Plaintiff's favor, and the Court should find, at this stage, that Plaintiff has pled allegations of age discrimination which justify a plausible claim for relief.

As noted above, this Court should follow the pleading standards from *Iqbal* and *Twombly*, and not require Plaintiff to prove the *prima facie* elements of his case at the motion to dismiss stage. *See McCleary-Evans,* 780 F.3d at 585. Defendant argues that this Court should assess the *prima facie* elements of Plaintiff's age discrimination claim, arguing that Plaintiff cannot establish at least two of the *prima facie* elements. *See* Dkt. 45, at 7. Again, Plaintiff is not required to prove the *prima facie* elements at this stage, but Plaintiff will examine the *prima facie* elements to demonstrate the invalidity of Defendant's claims.

7

In *Loose v. CSRA Inc*., Case No. 19-2394, 2021 U.S. App. LEXIS 29405 (4th Cir. Sep 29, 2021), the Fourth Circuit noted the *prima facie* elements of an ADEA termination claim: (1) the plaintiff is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class. *See Loose v. CSRA Inc*., Case No. 19-2394, 2021 U.S. App. LEXIS 29405 (4th Cir. Sep 29, 2021) (citing *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).[1] *See also Cockman v. Circle K Stores Inc*., Case No. 19-1448, 807 Fed. Appx. 268, 2020 U.S. App. LEXIS 17464, 2020 WL 2896576 (4th Cir. Jun 03, 2020) (citing *Baqir* and listing these prima facie elements); *Spivey v. Mohawk Esv, Inc*., Case No. 21-1749, 2023 U.S. App. LEXIS 14454, 2023 WL 3918674 (4th Cir. Jun 09, 2023) (citing *Baqir* and listing these prima facie elements).

(1) ) Plaintiff is a member of a protected class.

Mr. Reagan is a member of a protected class in that he is over the age of 40 and protected by the ADEA, which prohibits discrimination by federal agencies based on age for employees who are at least 40 years old. *See* 29 U.S.C. §633a(a).  Mr. Reagan noted his membership in a protected class adequately in his Complaint:

> 9. Born in October 1960, Mr. Reagan is a 63-year-old man. He is a member of a protected group by virtue of his age, and he is also a disabled veteran. Mr. Reagan was a longtime, loyal, dedicated employee of the Agency and is a former member of a special forces unit (18 Delta Special Forces Medic with the U.S. Army).

---

[1] *See also Burgess v. Bowen*, Case No. 10-2081, p. 14 (4th Cir. Feb 17, 2012), for the general *prima facie* framework for termination claims under Title VII of the Civil Rights Act: "To establish a prima facie case of discriminatory termination, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) in spite of her qualifications and her performance, she was fired; and (4) she was replaced by someone outside her protected class, or otherwise treated differently than similarly situated persons outside the class. *See McDonnell Douglas*, 411 U.S. at 802."

*See* Complaint, Dkt. 43, at 4, para. 9.

(2) Plaintiff suffered an adverse employment action (such as discharge).

Mr. Reagan noted that he was removed (a.k.a. terminated or discharged) from the Agency

on June 22, 2021. *See* Complaint, Dkt. 43, at 4-5, paras. 14-15:

> 14. Mr. Reagan was a federal employee, reporting to his first level supervisor Marc and second level supervisor Johnny (federal employee supervisors at the Agency) for approximately one to one and a half years before Mr. Reagan was removed (terminated) from the Agency on June 22, 2021.

Mr. Reagan also noted that he was terminated from a project at the Agency on July 28,

2022 at the conclusion of his onboarding process at the Agency. *See* Complaint, Dkt. 43, at 6,

paras. 21-22:

> 21. In addition to Mr. Reagan's removal on or about June 22, 2021, Mr. Reagan was terminated from a project at the Agency on July 28, 2022. As with his previous removal, Mr. Reagan filed an EEO complaint at the Agency, alleging discrimination and retaliation concerning this termination in July 2022.

> 22. Concerning this second termination in July 2022, Mr. Reagan had gone through an onboarding process for months and was completing this process at the Agency. He went on the Agency site and spent several hours completing the onboarding process. At the end of this process, Mr. Reagan was told that he was not allowed to be on the project due to his history at the Agency. (Plaintiff notes that his history is that he had filed an EEO complaint against the Agency based on his removal in 2021.) Mr. Reagan was told that an Agency employee stated that he was not allowed to be on the project and that he needed to be debriefed as he had onboarded.

Both of these removals in 2021 and 2022 are adverse employment actions within this *prima*

*facie* element, which mentions discharge as an example of an adverse employment action. *See*

*Loose v. CSRA Inc.*, Case No. 19-2394, 2021 U.S. App. LEXIS 29405 (4th Cir. Sep 29, 2021)

(citing *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006)).   The removal in 2021 was a

termination (or discharge) after Mr. Reagan had worked for the Agency for over 15 years. *See*

Complaint, Dkt. 43, at para. 10.  The second removal from a project in 2022 occurred immediately

after Mr. Reagan had onboarded, and he was debriefed and terminated from the project. *Id*. at para. 22.  It is clear that the Agency's two removals of Mr. Reagan are adverse employment actions, which Mr. Reagan pled as such while also pleading damages as a result of these adverse employment actions. *See* Complaint, Dkt. 43, at paras. 14-15, 20-22, 24-29.

> (3) Plaintiff was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action.

Mr. Reagan outlined his many years of effective service at the Agency.  While the details of that service are classified and therefore limited with regard to the facts that Plaintiff could plead, Plaintiff pled unclassified facts in his Complaint to show that he was performing job duties that met the employer's legitimate expectations at the time of the adverse employment action.  For instance, Mr. Reagan noted that he was a long-time, loyal, dedicated employee of the Agency who started working for the Agency in 2005 as an instructor and taught various topics such as survival tactics until his removal on June 22, 2021. *See* Complaint, Dkt. 43, at 4, paras. 9-10.  When Mr. Reagan was removed on June 22, 2021, the Agency did not indicate that he was not meeting the Agency's expectations at the time of removal, nor had the Agency provided him with prior notice of any major concerns.  Specifically, Mr. Reagan noted:

> 15. On or about June 22, 2021, Mr. Reagan had a meeting with his supervisors Marc and Johnny and another federal employee. They informed Mr. Reagan that he was being removed, but they would not provide any detailed justifications for the removal. Mr. Reagan's supervisors had not raised any concerns with him previously in a formal way, such as formal counseling or anything in writing, and Mr. Reagan had no prior notice of any major concerns that would justify his removal. In fact, his second-level supervisor Johnny had sat in on several of Mr. Reagan's classes and had not raised any issues.

> *See* Complaint, Dkt. 43, at 5, para. 15.

With regard to Mr. Reagan's second removal (or termination or discharge) from the Agency on July 28, 2022, Mr. Reagan "was told that he was not allowed to be on the project due to his history at the Agency.  (Plaintiff notes that his history is that he had filed an EEO complaint

against the Agency based on his removal in 2021.)  Mr. Reagan was told that an Agency employee stated that he was not allowed to be on the project and that he needed to be debriefed as he had onboarded." *See* Complaint, Dkt. 43, at 6, para. 22.  Again, there was no contention by the Agency at the time of the second removal that Mr. Reagan was not meeting the Agency's expectations.  In fact, Mr. Reagan had gone through a lengthy onboarding process for months in which he was being vetted by the Agency and no issues were raised to Mr. Reagan about not meeting expectations. *See id*. at paras. 22-23.  Mr. Reagan further noted:

> 23. Mr. Reagan's removal from his instructor position at the Agency in 2021, and his subsequent removal from a project in 2022, are not warranted or based on any misconduct. The Agency has not given any formal discipline to Mr. Reagan regarding his conduct during his tenure with the Agency.

> *See* Complaint, Dkt. 43, at 6, para. 23.

In Plaintiff's Complaint, Plaintiff is constrained by national security considerations, which limit the content of his Complaint, as noted for example in footnotes 2 and 3 on pages 4 and 6 of his Complaint.   Nevertheless, Mr. Reagan pled in his Complaint that he was meeting the employer's legitimate expectations at the time of the adverse employment actions, as he was not instructed otherwise and was never formally counseled or subjected to any formal discipline while working for the Agency for many years. *See* Complaint, Dkt. 43, at paras. 9-10, 15, 21-23.  As Plaintiff's allegations must be accepted as true, with all reasonable inferences drawn in Plaintiff's favor, Plaintiff has presented sufficient facts concerning *prima facie* element 3, that he was meeting the employer's legitimate expectations at the time of the adverse employment action.

(4) Plaintiff's position remained open or was filled by a similarly qualified applicant outside the protected class.

As noted above, this Court should follow the pleading standards from *Iqbal* and *Twombly*, and not require Plaintiff to prove the *prima facie* elements of his case at the motion to dismiss

stage. *See McCleary-Evans,* 780 F.3d at 585.  However, with regard to this fourth *prima facie* element, Mr. Reagan pled in his Complaint the differential treatment of older employees like him, as younger instructors were being hired while older instructors (like Mr. Reagan) were pushed out. *See* Complaint, Dkt. 43, at 5, para. 16.  The implication here (and in this part of the Complaint) is that Mr. Reagan was removed from his position in favor of a younger employee, and all inferences must be drawn in favor of the Plaintiff.

Mr. Reagan further identified age discrimination where he and another older employee were asked to work half-time in order to free up a position for a younger employee to be hired; where other instructors over the age of 40 were removed without warning or explanation (like Mr. Reagan) or were constructively discharged; and where older instructors (like Mr. Reagan) have been targeted for removal while younger instructors have been brought in by management. *See id.* at paras. 17-19.  The implication here is that Mr. Reagan was removed from his position in favor of a younger employee, and all inferences must be drawn in favor of the Plaintiff.  It is Mr. Reagan's belief that he was removed to create a position for a younger employee, in line with the Agency practices noted in his Complaint.

As noted above, this Court should follow the pleading standards from *Iqbal* and *Twombly*, and not require Plaintiff to prove the *prima facie* elements of his case at the motion to dismiss stage. *See McCleary-Evans,* 780 F.3d at 585.  Further, as noted in the Agency's Motion to Dismiss at 7 (citing *Motley v. Virginia*, No. 3:16-cv-595, 2018 WL 1472491, at *5 (E.D. Va. Mar. 26, 2018)), a court <u>may</u> look to the requirements of a *prima facie* case as a guide in assessing the plausibility of [a] plaintiff's claim for relief.  However, the Court is not required to do so, as the inquiry is not whether Plaintiff can prove all of the *prima facie* elements at this motion to dismiss stage but whether Plaintiff has stated a plausible claim of age discrimination. *See Hall v.*

*DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) ("To survive a motion to dismiss, a plaintiff's factual allegations, taken as true, must 'state a claim to relief that is plausible on its face.' . . . [The allegations in the complaint] need only give the defendant fair notice of what the claim is and the grounds on which it rests.") (*citing Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012); *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)).

In the event that this Court believes that Plaintiff's Complaint is unartfully worded with regard to Plaintiff's belief that he was removed to create a position for a younger employee, in line with the Agency's discriminatory practices noted in the Complaint (which are facts that the Court must find to be true at this stage), then Plaintiff submits that Plaintiff be allowed to file an amended complaint to address the issue.  One problem here is that when Plaintiff filed his Complaint, there was no review process by the PCRB (the Agency's Prepublication Classification Review Board), and Plaintiff had to be very careful to limit the allegations in the complaint to unclassified information. *See* Complaint, Dkt. 43, at 4 and 6, footnotes 2 and 3.  (The PCRB later endorsed Plaintiff's carefulness, finding that Plaintiff's Complaint contained no classified information, except that the PCRB reversed course and requested a pseudonym for Plaintiff as the only requested change in his Complaint, such that Plaintiff re-filed his Complaint with a pseudonym as Dkt. 43.)  Even though Plaintiff is constrained in terms of the information he can present to the Court in a Complaint, he stated a plausible claim for relief, providing Defendant with fair notice of the claims and the grounds upon which they rest.  Thus, Defendant's motion to dismiss should be denied.

Defendant argues that Plaintiff must allege sufficient facts to establish that he was replaced by a substantially younger individual. *See* Dkt. 45, at 9-10.  The caselaw seemingly derives from *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 440

(1996) (reversing a Fourth Circuit decision and holding that a comparator employee should be younger than the plaintiff, not necessarily less than 40 years old) (leading to a remand to and new analysis by the Fourth Circuit in *O'Connor v. Consolidated Coin Caterers Corp*., 84 F.3d 718 (4th Cir. 1996). The Supreme Court noted in its reasoning that "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *See O'Connor*, 517 U.S. 308. The age-based comparison of the removed employee versus a replacement is assessed on a case-by-case basis, where age discrimination can be found by differential ages, with a stronger inference of age discrimination for cases with greater gaps in age.[2]

Although Plaintiff primarily argues that he has made out a plausible claim of age discrimination in his Complaint and provided fair notice to Defendant about his claims, Plaintiff argues in the alternative that he should be granted discovery concerning *prima facie* element 4, to the extent that it is the Court's view that Plaintiff must allege with more specificity that a younger employee was hired into his position or that his position remained open following his removal from the Agency in June 2021. Further, Plaintiff seeks discovery on comparators, to the extent that the Court believes that Plaintiff must plead information about comparators (as alleged by the Agency in Dkt. 45, at 10-13). To the extent that the Court finds the Complaint deficient in any respect, Plaintiff requests leave to amend the complaint and to conduct specific, narrowly tailored discovery on any information that the Agency has not provided to date. This discovery is necessary

---

[2] As indicated in the fourth *prima facie* element itself, Plaintiff can also establish this element if his position remained open. *See Loose v. CSRA Inc*., Case No. 19-2394, 2021 U.S. App. LEXIS 29405 (4th Cir. Sep 29, 2021) (citing *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006) (and noting that the fourth element is that plaintiff's "position remained open or was filled by a similarly qualified applicant outside the protected class"); *Cockman v. Circle K Stores Inc*., Case No. 19-1448 (4th Cir. Jun 03, 2020) (same); *Spivey v. Mohawk Esv, Inc*., Case No. 21-1749 (4th Cir. Jun 09, 2023) (same).

because the Agency never investigated Mr. Reagan's primary EEO complaint, nor did it produce discovery responses for either EEO complaint.

As noted in his Complaint (Dkt. 43, at para. 7), Mr. Reagan filed a formal EEO complaint with the Agency on September 20, 2021, alleging discrimination on the basis of age concerning his removal on June 30, 2022.  Instead of accepting Mr. Reagan's claims for investigation, the Agency dismissed Mr. Reagan's initial EEO complaint.  *See* Complaint, Dkt. 43, at para. 7.  The Agency never investigated Mr. Reagan's EEO complaint to adduce the crucial facts of his original termination claim.  Instead, the Agency dismissed Mr. Reagan's initial EEO complaint, and the EEOC's appellate unit, the Office of Federal Operations (OFO), allowed the dismissal (on other grounds from those argued by the Agency initially), such that a filing deadline was triggered in this Court and Plaintiff timely brought his consolidated claims in this Court. *Id.* at paras. 7-8.  To do this, Plaintiff withdrew his second EEO complaint from the EEO process, after serving discovery requests ("initiated written discovery;" *id.* at para. 8) on the Agency in the EEOC.  No discovery responses were obtained from the Agency, and no depositions were taken for the second EEO complaint, which was before the EEOC briefly.  The parties just participated in an initial conference and initiated written discovery. *Id.* at para. 8.

In sum, there has been no discovery in the underlying administrative cases, and no investigation of Mr. Reagan's primary EEO complaint.  There was an investigation of Mr. Reagan's second EEO complaint, but that resulted in a heavily redacted Report of Investigation (ROI) that suppresses names and pertinent information through redactions of classified material. (For Mr. Reagan's primary EEO complaint, the only substantive information produced by the Agency is a redacted, three-page report by the EEO counselor after Mr. Reagan made an informal EEO complaint; it consists of about one page of substantive, yet redacted material.)

With regard to Mr. Reagan's initial, primary EEO complaint concerning his removal on June 22, 2021, the Agency has refused to investigate the complaint (which is the normal process), resulting in a deficient factual record.  After providing no information to Mr. Reagan concerning comparators and his replacement, if any, the Agency turns around and argues that Mr. Reagan has not sufficiently pled information about comparators and a younger employee who replaced him. *See* Dkt 45, at 9-13.  The Agency's withholding of the facts should not be rewarded.  To the extent that the Court would require a Complaint with more specificity in this situation where Defendant has avoided the normal investigatory process, then Plaintiff requests leave to engage in targeted discovery on any deficiencies that exist with the Complaint in the Court's view.  (Plaintiff's primary argument, however, is that he filed a sufficient Complaint that made out a plausible claim of age discrimination in his Complaint and provided fair notice to Defendant about his claims.)

Further, when Defendant argues that Plaintiff failed to allege sufficient facts about older employees (Dkt. 45 at 14), Plaintiff notes that his Complaint had to comply with the Agency's national security interests and redact classified material.  In the Report of Investigation (ROI) for Plaintiff's second EEO complaint, there are numerous redactions of names and facts, such that Plaintiff was wary of filing specific information about the older employees on the public record.  Such information is presumably subject to heavy redaction by the Agency, similar to the records it has created thus far in Plaintiff's litigation.  Thus, Plaintiff first avers that he has met the pleading standard set forth in *Iqbal* and *Twombly*, but to the extent that the Court disagrees with regard to the information provided about the older employees, Plaintiff seeks leave to file an amended complaint, although Plaintiff anticipates redactions by the PCRB.  Finally, to the extent that the Court seeks information about the older employees that Plaintiff does not have and the Agency has not provided, Plaintiff seeks leave to conduct targeted discovery to acquire such information.

16

**C. The Court Should <u>Not</u> Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim.**

In Defendant's Motion (at 15-18), the Agency argues that the Court should dismiss Plaintiff's ADEA retaliation claim (Count II).  However, Plaintiff alleged sufficient facts in his Complaint to support a plausible claim of retaliation.

As Defendant stated in its Motion to Dismiss (at 15), the ADEA's federal-sector provision "prohibits retaliation against an employee who complains of age discrimination." *Walton v. Harker*, 33 F.4th 165, 171 (4th Cir. 2022) (citing 29 U.S.C. § 633a(a); *Gomez-Perez*, 553 U.S. at 477). As with a claim of age discrimination, an employee may prove retaliation through either direct evidence or through the *McDonnell Douglas* burden-shifting framework. *Id*. To establish a prima facie case of retaliation under the ADEA, a plaintiff must establish that: "(1) he engaged in a protected activity, (2) he suffered an adverse action, and (3) there is a causal connection between the activity and adverse action." *McGrone v. Austin*, No. 1:22-cv-375, 2022 U.S. Dist. LEXIS 230060, 2022 WL 17833275, at *6 (E.D. Va. Dec. 21, 2022) (citing *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) (en banc); *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991)).

Defendant does not contest that Mr. Reagan has pled sufficient facts concerning the first two elements, but Defendant raises an issue with regard to the third *prima facie* element, averring that "Plaintiff's retaliation claim fails because his Complaint lacks sufficient factual allegations to establish a causal connection between the filing of the EEO complaint on September 20, 2021, and his alleged termination from an Agency project ten months later, in July 2022." *See* Dkt. 45 at 16.

To begin with, Plaintiff notes that the *prima facie* test is for proving his case, but that is not his obligation at this preliminary stage.  As noted above, this Court should follow the pleading standards from *Iqbal* and *Twombly*, and not require Plaintiff to prove the *prima facie* elements of his case at the motion to dismiss stage. *See McCleary-Evans,* 780 F.3d at 585.

Further, in considering a motion to dismiss under Rule 12(b)(6), the Court must accept Plaintiff's allegations as true and draw all reasonable inferences from the facts in the light most favorable to Plaintiff. *Ibarra v. U.S.*, 120 F.3d 472, 472, 473 (4th Cir. 1997). *See also Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) ("To survive a motion to dismiss, a plaintiff's factual allegations, taken as true, must 'state a claim to relief that is plausible on its face.' . . . [The allegations in the complaint] need only give the defendant fair notice of what the claim is and the grounds on which it rests.") (*citing Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012); *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)).

Secondly, although Plaintiff agrees that based on Fourth Circuit precedent, a ten-month gap is generally too lengthy for courts under the Fourth Circuit to infer that a causal connection exists between protected activity and the retaliatory action, the facts of the instant case are distinguishable from much of the precedent. In this case, Mr. Reagan was terminated from the Agency on or about June 22, 2021. *See* Complaint, Dkt. 43, at 6, paras. 14-15, 21-22. He was not in the workplace after June 22, 2021, and Agency managers did not have the opportunity to retaliate against him. Mr. Reagan was going through an onboarding process remotely but physically went to the workplace on July 28, 2022. *Id*. at para. 22. He went to the workplace in person on July 28, 2022 to onboard, and this was the first opportunity since June 22, 2021 for Agency managers to retaliate against him. At this first opportunity, Mr. Reagan was retaliated against. This is quite different from an employee being in the workplace for 10 months where a supervisor does not retaliate against the employee every day for 10 months, creating an intervening time period of non-retaliation. In the instant case. Mr. Reagan showed up to the workplace and was retaliated against immediately, at the Agency's first opportunity. Those facts should give rise to an inference of retaliation actually.

As noted by Defendant, even if a court does not infer retaliation, a plaintiff may establish causation through other evidence. In these cases, courts have found causation in cases with significant temporal gaps if there is additional evidence of retaliatory animus. *See Reardon v. Herring,* 201 F.Supp.3d 782 (2016); *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007). Here, Mr. Reagan noted that at the end of the onboarding process at the Agency, he was told that he was not allowed to be on the project due to his history at the Agency. *See* Complaint, Dkt. 43, at 6, para. 22. Then Mr. Reagan noted that his "history is that he had filed an EEO complaint against the Agency based on his removal in 2021." *Id.* This fact must be taken as true and all inferences drawn in Plaintiff's favor. Notably, Plaintiff is not required to prove his case at the complaint stage (e.g., the causation element of a retaliation claim), but he should set forth allegations to support a claim of retaliation. That is what Mr. Reagan has done. He has alleged that his protected activity is known at the Agency and that it was referenced when he was removed from the project in 2022.

With regard to Defendant's claim that the decision makers should have knowledge of his protected EEO activity, Plaintiff notes that a decision maker did have knowledge of his case, as it was referenced when he was removed from the project in 2022. *See* Complaint, Dkt. 43, at para. 22. Plaintiff further notes that besides actual knowledge of the decision maker, "cat's paw" theories are viable for retaliation claims in the Fourth Circuit. *See, e.g., Nifong v. SOC, LLC*, 234 F.Supp.3d 739, 758 (2017) (EDVA). In these cases, a supervisor's retaliatory animus can be imputed to the employer if it significantly influences the decision maker. Here, discovery - notably depositions - is needed to identify the interplay between the Agency managers, but Mr. Reagan was told that an Agency employee stated that he was not allowed to be on the project, and his history, meaning his EEO activity, was referenced. *See* Complaint, Dkt. 43, at para. 22.

These are sufficient facts to support a plausible claim of retaliation. Moreover, Plaintiff notes that there has been no prior discovery in this case, and the Agency has been withholding and obfuscating the facts (through redaction), as explained above. Nevertheless, Plaintiff's Complaint presented a short and plain statement of the claim showing that Plaintiff is entitled to relief for retaliation under the ADEA and giving fair notice to Defendant, per *Twombly*. Plaintiff's Complaint does not consist of mere labels and conclusions, nor is it a formulaic recitation of the elements of a cause of action. Plaintiff's complaint provided facts to support a plausible claim of retaliation.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court <u>deny</u> Defendant's Motion to Dismiss and allow this case to proceed on both counts (Count I - age discrimination under the ADEA, and Count II – retaliation under the ADEA).

Dated: October 28, 2024                                 Respectfully submitted,

/s/ LENORE C. GARON
LENORE C. GARON
VSB # 39934
Law Office of Lenore C. Garon, PLLC
2412 Falls Place Court
Falls Church, VA 22043
Phone: 703-534-6662
Fax: 703-534-4448
lenore@lenorecgaron.com

*Attorney for Plaintiff*

/s/ DANIEL K. GEBHARDT
DANIEL K. GEBHARDT
*Admitted Pro Hac Vice*
(D.C. Bar No. 975703)
Solomon Law Firm, PLLC
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036

Phone: 866-833-3529
Fax: 202-688-1896
dgebhardt@fedemploylaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, and a proposed order, was served on this 28th day of October 2024 via electronic filing using this Court's CM/ECF system, on Defendant:

Daniel P. Shean, Assistant U.S. Attorney
Virginia State Bar No. 84432
Counsel for Defendant
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671

Email: daniel.shean@usdoj.gov

/s/ Lenore C. Garon
Lenore C. Garon