IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KEVIN REAGAN,**
    *Plaintiff*,

v.                                        Civil Action No. 4:23-cv-158

**WILLIAM J. BURNS, Director,**
**Central Intelligence Agency,**
    *Defendant*.

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.**    **Introduction**

As explained in Defendant's opening brief, Plaintiff has failed to allege sufficient facts to support a reasonable inference of age discrimination associated with his removal from a Central Intelligence Agency (hereinafter, "Agency") position in June 2021, or his later termination from an Agency project in July 2022. Plaintiff has likewise failed to allege sufficient facts to establish that his termination in July 2022 was in retaliation for filing an EEO complaint. That Plaintiff has failed to do so is demonstrated by the fact that Plaintiff not only fails to distinguish the numerous cases cited in Defendant's opening brief showing that his discrimination and retaliation claims should be dismissed, but he also essentially concedes the deficiencies in his claims by requesting limited discovery or to amend his complaint to attempt to cure them. But Plaintiff has it backwards; where, as here, a complaint is deficient because it does not allege sufficient facts to state a plausible claim, plaintiff is not entitled to discovery—his claims are dismissed. And where Plaintiff has not proposed an amended complaint or otherwise indicated how any of his pleading deficiencies may be cured by amendment, the Court should not permit Plaintiff to amend his Complaint. Instead, Defendant respectfully requests that the Court dismiss this case in its entirety for failure to state a claim upon which relief may be granted.

**II.     The Court Should Dismiss Count I of Plaintiff's Complaint for Failure to State a Claim.**

   A. <u>Plaintiff Fails to Allege Sufficient Facts to Support a Reasonable Inference of Age Discrimination</u>.

In his Opposition, Plaintiff contends that the Court may draw a reasonable inference of age discrimination based upon the Agency's alleged treatment of "older employees," such as Plaintiff, in comparison to "younger employees." *See* ECF No. 52-1 (Pl.'s Br.) at 6-7. Plaintiff relies upon his allegations that "younger" employees were hired, whereas "older" employees were pushed out, removed without warning or explanation, or targeted for a reduction in working hours. *Id*. (citing ECF No. 43 (Pl.'s Compl.), ¶¶ 16-19). Plaintiff also cites one example in which his first-level supervisor asked him and another "older" employee to work half-time, in order to accommodate the hiring of a "younger" employee. *Id*. (citing ECF No. 43 (Pl.'s Compl.), ¶ 17). These generalized and vague allegations do not support a plausible inference of age discrimination for several reasons.

First, where, as here, a plaintiff relies upon alleged comparators to support an inference of discrimination, he must allege facts sufficient to demonstrate that the comparators are sufficiently similar to himself "in all relevant aspects, such as conduct, performance, and qualifications." *Williams v. Newport News Sch. Bd.*, No. 4:20-cv-41, 2021 WL 3674983, at *10 (E.D. Va. Aug. 19, 2021) (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 680 (E.D. Va. 2017)); *see also Aljizzani v. Middle E. Broad. Networks, Inc.*, No. 1:22-cv-1321, 2023 WL 5017969, at *3 (E.D. Va. Aug. 7, 2023) (citing *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017)). A showing of sufficient similarity includes evidence that the alleged comparator employees "dealt with the same supervisor, were subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or

2

the employer's treatment of them for it." *Williams*, 2021 WL 3674983, at *10 (quoting *Emami*, 241 F. Supp. 3d at 680).

In his Opposition, Plaintiff does not dispute any of the above authority. *See generally* ECF No. 52-1 (Pl.'s Br.) at 4-16. Plaintiff also does not, and cannot, explain how any of his allegations satisfy the standards set forth above. *See id*. Indeed, the Complaint includes none of the required factual details with respect to the alleged "younger" employees at the Agency. *See* ECF No. 43 (Pl.'s Compl.), ¶¶ 16-19. Plaintiff does not allege, for example, that such employees worked under the same supervisors as him, were subject to the same performance and conduct standards as him, or engaged in the same conduct as him. *See id*. As a result, there is no basis from which the Court may infer that Defendant's alleged treatment of the "younger" employees constitutes age discrimination. *See Williams*, 2021 WL 3674983, at *10.

Second, Plaintiff's vague allegations concerning the alleged treatment of "older" employees constitutes "impermissible 'me too' evidence and inadmissible speculation," which cannot support a viable claim of discrimination. *Khan v. FedEx Corp*., No. 1:14-cv-561, 2015 WL 3455177, at *10 (E.D. Va. May 29, 2015), *aff'd,* 628 F. App'x 201 (4th Cir. 2016). Similar to the case with his allegations concerning "younger" comparator employees, Plaintiff does not dispute Defendant's authority on this point. *See generally* ECF No. 52-1 (Pl.'s Br.) at 4-16. Nor does Plaintiff point the Court to any allegations concerning the age, performance, or conduct of the "older" employees, or *whether*, *when*, or *why* these employees were treated differently—thus leaving the Court to speculate that Defendant's alleged treatment of Plaintiff and these other "older" employees amounted to age discrimination under the Age Discrimination in Employment Act ("ADEA"). *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (affirming dismissal where court "would have to 'speculate' to 'fill in the gaps' as to [supervisor's]

motivation" for challenged action).

The Fourth Circuit's unpublished decision in *Tickles v. Johnson*, 805 F. App'x 204 (4th Cir. 2020), strongly underscores the deficiencies in Plaintiff's allegations concerning Defendant's treatment of "younger" and "older" employees. In *Tickles*, the plaintiff claimed that he was denied a promotion, reprimanded, and terminated based upon his age (49 years old) in violation of the ADEA. *Id*. at 205. To support his claim, the plaintiff, like Plaintiff here, relied upon his employer's alleged treatment of other "younger" and "older" employees. Specifically, the plaintiff alleged that his employer "retained and promoted younger officers who ha[d] been written up and/or placed on probation for violating [the employer's] rules and policies." *Id*. The plaintiff also pointed to another employee who was over 40 years old and terminated within a few weeks of the plaintiff's termination, despite having an "exemplary record[ ]." *Id*. at 206. The Fourth Circuit held that such allegations were "too conclusory and factually unadorned to give rise to a reasonable inference that [the employer's] challenged employment decisions were made because of [the plaintiff's] age." *Id*. at 208. With respect to the "younger" comparator employees, the Fourth Circuit observed that the plaintiff's complaint lacked "specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, [the plaintiff's] own qualifications, the qualification and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own." *Id*.

The same is true here. As in *Tickles*, Plaintiff lacks allegations concerning the performance and conduct of the alleged "younger" comparator employees, as well as any information concerning those employees' proximity to his own age. *Tickles*, 805 F. App'x at 208. And Plaintiff similarly lacks allegations concerning the "older" employees that are "sufficient to

4

raise a right to relief above the speculative level" and support a "reasonable inference" of age discrimination. *Id*. at 207-08 (quoting *McCleary-Evans v. Md. Dept. of Transp., St. Highway Admin*., 780 F.3d 582, 585 (4th Cir. 2015)).

As previously indicated above, Plaintiff does not address *Tickles*, which Defendant relied upon in his opening brief. Nor does Plaintiff specifically address the many other cases previously cited by Defendant in which courts dismissed discrimination or retaliation cases under circumstances similar to those presented here. *Compare* ECF No. 45 (Def.'s Br.) at 8-15 *with* ECF No. 52-1 (Pl.'s Br.) at 4-16. Plaintiff's silence in response to this legion of authority further emphasizes the lack of merit in his claims. Because Plaintiff does not allege sufficient details concerning Defendant's treatment of alleged "younger" comparator employees and "older" employees to support a reasonable inference of age discrimination, the Court should dismiss Count I of Plaintiff's Complaint.

B. <u>Plaintiff Fails to Allege Sufficient Facts to Support Elements of a *Prima Facie* Case of Age Discrimination</u>.

In his Opposition, Plaintiff correctly contends that he is not required to prove the elements of a *prima facie* case of age discrimination at the pleadings stage, *see* ECF No. 52-1 (Pl.'s Br.) at 7, but acknowledges that the Court may look to the requirements of a *prima facie* case as a guide in assessing the plausibility of his claims, *see id*. at 12. Plaintiff contends that he has alleged sufficient facts to demonstrate all elements of a *prima facie* case of age discrimination under the ADEA. *See id*. at 8-12. However, Plaintiff's Complaint lacks sufficient facts to permit the Court to conclude that: (i) he performed his job at a level that met the Agency's legitimate expectations; and (ii) he was replaced by a substantially younger individual.

First, Plaintiff does not allege sufficient facts to demonstrate that he met the Agency's performance expectations at the time of his removal from his position in June 2021, or at the time

5

of his termination from an Agency project in July 2022. Each time that Plaintiff attempts to do so, he is careful to qualify his statements, suggesting—not that he was meeting the Agency's legitimate expectations—but instead, that he was not. For instance, with respect to the first removal in June 2021, Plaintiff relies upon allegations that his supervisors "had not raised any concerns previously with him in a *formal* way, such as *formal* counseling or anything *in writing*" and "would not provide any *detailed* justifications" at the time of the meeting in which they informed Plaintiff of his removal. *See* ECF No. 52-1 (Pl.'s Br.) at 10 (citing ECF No. 43 (Pl.'s Compl.), ¶ 15 (emphases added)). Plaintiff also alleges that he "had no prior notice of any *major* concerns that would justify his removal." *See* ECF No. 43 (Pl.'s Compl.), ¶ 15 (emphasis added). But the mere fact that Plaintiff never received any *formal* counseling or *written* notice prior to the removal, or the fact that Plaintiff did not have notice of any *major* concerns, does not establish that he adequately performed the duties of his position at the time of his removal. *Cf. Tickles*, 805 F. App'x at 205 (affirming dismissal of age discrimination claim where the plaintiff alleged that his supervisors "only ever said that they were satisfied with his work" prior to his reprimand); *Beg v. Mayorkas*, No. 1:22-cv-1224, 2023 WL 8622289, at *1-2 (E.D. Va. May 2, 2023) (dismissing age discrimination claim where the plaintiff alleged that he did not have any performance problems for "most" of his 11-month employment period), *aff'd*, No. 23-2261, 2024 WL 773595 (4th Cir. Feb. 26, 2024). Indeed, the extent to which Plaintiff is at pains to qualify these statements suggests just the opposite.

Similarly, with respect to his second removal in July 2022, Plaintiff relies upon allegations that the removal was "not warranted or based on any misconduct," and that the Agency had not previously "given any *formal* discipline to [him] regarding his conduct during his tenure." *See* ECF No. 52-1 (Pl.'s Br.) at 11 (citing ECF No. 43 (Pl.'s Compl.), ¶ 23 (emphasis added)). Once

6

again, the mere fact that Plaintiff never received any *formal* discipline prior to the removal does not establish that he performed his job at a level that satisfied the Agency's performance expectations at the time of his removal. *Cf. Tickles*, 805 F. App'x at 205. Plaintiff's argument also ignores the undisputed fact that as of the time of his second removal in July 2022, he had previously been removed from his other position in July 2021. *See* ECF No. 43 (Pl.'s Compl.), ¶¶ 15, 21. As previously noted, this only supports a conclusion that Plaintiff could *not* perform, and was not performing, the requirements of his position at all as of July 2022, due to his prior removal. *See* ECF No. 45 (Def.'s Br.) at 9.

Second, Plaintiff does not allege sufficient facts to establish that he was replaced by a substantially younger individual following his removal from his position in June 2021, or following his termination from an Agency project in July 2022. Nor does Plaintiff allege that either position remained open following the aforementioned events. Plaintiff contends that he satisfied this element of a *prima facie* case because he alleged that "younger instructors were being hired while older instructors (like [Plaintiff]) were pushed out." ECF No. 52-1 (Pl.'s Br.) at 12 (citing ECF No. 43 (Pl.'s Compl.), ¶ 26). But Plaintiff's vague and generalized allegation concerning the hiring of "younger" employees in *general* says nothing about the *specific* positions from which Plaintiff was removed. Plaintiff effectively concedes as much in his Opposition, as he repeatedly contends that "[t]he *implication*" from his generalized allegation "is that [he] was removed from his position in favor of a younger employee," *id*. (emphasis added), and alternatively requests discovery concerning this element to "allege with more specificity that a younger employee was hired into his position," *id*. at 14.[1] Plaintiff's allegations also lack sufficient

---

[1] The Court should reject Plaintiff's request for discovery for the reasons explained below. *See infra* Section IV.

7

specificity to permit the Court to conclude that "he was replaced by a substantially younger individual," as required to establish a *prima facie* case. *Beg*, 2023 WL 8622289, at *2 (quoting *Arthur v. Pet Dairy*, 593 F. App'x 211, 216-17 (4th Cir. 2015)). As previously noted, Plaintiff's Complaint lacks any allegations concerning the age of the "younger" employees in comparison to his own.

Finally, while the Court may look to the requirements of a *prima facie* case as a guide in assessing the plausibility of a claim, *see Motley v. Virginia*, No. 3:16-cv-595, 2018 WL 1472491, at *5 (E.D. Va. Mar. 26, 2018), *aff'd*, 741 F. App'x 171 (4th Cir. 2018), the ultimate question to resolve on a motion to dismiss is whether the plaintiff has alleged sufficient facts to permit the court to reasonably infer that the employer discriminated against him because of his age, *see Song v. Becerra*, No. 20-1554, 2021 WL 3732961, at *1 (4th Cir. Aug. 24, 2021). Plaintiff has not met that burden here. Even if the Court concludes that Plaintiff sufficiently alleged one or more of the aforementioned elements of a *prima facie* case, his age discrimination claims still fail because they rely upon the vague and non-specific allegations concerning "younger" and "older" employees, which do not support a reasonable inference of age discrimination for the reasons discussed above. For all of these reasons, the Court should dismiss Count I in its entirety for failure to state a claim upon which relief may be granted.

**III.    The Court Should Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim.**

With respect to his retaliation claim, Plaintiff correctly concedes that a 10-month time lapse is generally too lengthy to infer a causal connection between protected activity and retaliatory action. *See* ECF No. 52-1 (Pl.'s Br.) at 18; *see also* ECF No. 45 (Def.'s Br.) at 16-17. Despite the 10-month gap between the filing of his EEO complaint and his second removal in July 2022, he contends that his retaliation claim should survive because "Agency managers did not have the

8

opportunity to retaliate against him" after his removal in June 2021, until he returned to the workplace in July 2022. *Id*. He also contends that he sufficiently alleged evidence of retaliatory animus based on his allegation that he "was told that he was not allowed to be on the [Agency] project due to his history at the Agency." *Id*. (citing ECF No. 43 (Pl.'s Compl.), ¶ 22). Plaintiff is wrong on both counts.

First, the allegations in Plaintiff's Complaint belie his contention that "Agency managers did not have the opportunity to retaliate against him" after his removal in June 2021. *See* ECF No. 52-1 (Pl.'s Br.) at 18. In fact, Plaintiff alleges that he went "through an onboarding process *for months*" with the Agency prior to his termination in July 2022. *See* ECF No. 43 (Pl.'s Compl.), ¶¶ 21-22 (emphasis added). This allegation suggests that his EEO complaint had *no* impact upon the Agency's treatment of him during the same time period. Contrary to Plaintiff's argument, nothing prevented the Agency from terminating him, or otherwise taking adverse action against him, during the onboarding process that lasted "for months" prior to his in-person appearance in the workplace in July 2022.

Second, Plaintiff's vague allegation that he "was told that he was not allowed to be on the [Agency] project due to his history at the Agency" does not support an inference of retaliation. *See* ECF No. 43 (Pl.'s Compl.), ¶ 22. Significantly, Plaintiff does not attribute the statement to any Agency employee, let alone any Agency supervisor responsible for the ultimate decision to remove him from the Agency project in July 2022. *Cf. Barnhill v. Garland*, 636 F. Supp. 3d 592, 606 (E.D. Va. 2022) (holding that the plaintiff failed to state a discrimination claim where she did not "identify the relevant decisionmakers, . . . thereby leaving the Court to speculate if and how the decisionmakers were biased"). Plaintiff's allegation also relies upon impermissible speculation about what his "history" actually involved. Plaintiff insists that this "history" was

9

only "that he had filed an EEO complaint against the Agency based on his removal in 2021." *See* ECF No. 52-1 (Pl.'s Br.) at 19 (citing ECF No. 43 (Pl.'s Compl.), ¶ 22). But Plaintiff's unsupported speculation, plucked from an alleged sixteen-year history of affiliation with the Agency, "is not enough to survive a motion to dismiss," *Pearson v. Prince William Cnty. Sch. Bd.*, No. 1:22-cv-377, 2023 WL 2506415, at *2 n.3 (E.D. Va. Mar. 14, 2023) (internal quotations omitted), in particular where that "history" also included his removal from his instructor position in June 2021. As between this "obvious alternative explanation" for Plaintiff's second removal in July 2022, and the purposeful, invidious retaliation that he asks the Court to infer, retaliation "is not a plausible conclusion." *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (internal quotations omitted); *see also id.* at 679 ("Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Finally, Plaintiff's Complaint is "not supported by allegations or reasonable inferences that the [Agency] decisionmakers . . . were aware of [his] . . . protected activity," as required to support a plausible retaliation claim. *Fitten v. McCarthy*, No. 1:20-cv-676, 2021 WL 622432, at *6 (E.D. Va. Feb. 17, 2021); *see also Amis v. Mayorkas*, No. 21-1544, 2022 WL 1090252, at *2 (4th Cir. Apr. 12, 2022) (affirming dismissal of retaliation claim where the plaintiff "did not sufficiently allege that the relevant decisionmakers in this case were aware that he had engaged in prior protected activity."). Plaintiff claims "that a decision maker did have knowledge of his case," and points to the above-referenced, facially neutral statement concerning his "history at the Agency." *See* ECF No. 52-1 (Pl.'s Br.) at 19 (citing ECF No. 43 (Pl.'s Compl.), ¶ 22). But once again, Plaintiff's argument relies upon impermissible speculation about who made that statement, what that person's role was, and what Plaintiff's "history" involved. *See Bing*, 959 F.3d at 618.

10

Plaintiff's allegation does not demonstrate that any Agency decisionmaker had knowledge of his prior EEO complaint at the time of his second removal in July 2022.

Because Plaintiff's Complaint lacks sufficient facts to support a reasonable inference that Defendant retaliated against Plaintiff for filing his EEO complaint, the Court should dismiss Count II in its entirety.

### IV. Plaintiff's Remaining Arguments Lack Merit.

In addition to the above arguments, Plaintiff attempts to excuse any pleading deficiencies by contending that he was "constrained by national security considerations, which limit[ed] the content of his Complaint." *See* ECF No. 52-1 (Pl.'s Br.) at 12. Additionally, in the event that the Court finds his Complaint deficient, Plaintiff requests the opportunity to conduct "specific, narrowly tailored discovery" on a range of issues, in order to search for evidence that may support a plausible claim. *See id.* at 14-16, 19. Plaintiff also requests leave to amend his Complaint, although he does not attach a proposed amended pleading or otherwise indicate which allegations (if any) he would add to his existing claims. *See id.* at 13, 14, 16. Each of these arguments lacks merit, and further demonstrates that Plaintiff has failed to allege any plausible claims for relief.

As an initial matter, Plaintiff cannot blame his pleading shortcomings on unspecified "national security considerations." *See* ECF No. 52-1 (Pl.'s Br.) at 12. Contrary to Plaintiff's argument, *see id.* at 13, at the time that Plaintiff filed his Complaint, there *was* a review process in place that required the Agency's Prepublication Classification Review Board ("PCRB") to review Plaintiff's filings to screen out any classified information. *See* ECF No. 23 (Order); ECF No. 43 (Pl.'s Compl.). Specifically, the Court's Order dated June 17, 2024, required Plaintiff to a submit to the PCRB "a copy of his Complaint that he seeks to file with the Court" within fourteen days. *See* ECF No. 23 (Order) at 2. Plaintiff complied with that directive, *see* ECF No. 27 (Pl.'s Notice

11

of Filing), and later filed a PCRB-approved version of the Complaint with the Court on August 2, 2024, *see* ECF No. 43 (Pl.'s Compl.). With this procedure in place to ensure Plaintiff's compliance with the terms of his Secrecy Agreement, *see* ECF No. 18-1 (Pl.'s Secrecy Agreement), nothing prevented Plaintiff from including the necessary level of factual detail "to state a claim to relief that is plausible on its face" in his proposed filing to the PCRB. *See Iqbal*, 556 U.S. at 678.[2] The Court should not permit Plaintiff to hide behind vague assertions of "national security considerations" to excuse his failure to allege any plausible claims for relief.

The Court should also not permit Plaintiff to conduct any amount of discovery to cure his pleading failures. In short, Plaintiff's request for discovery puts the cart before the horse. Where a complaint is deficient because it does not allege a plausible claim for relief, a plaintiff "is not entitled to discovery." *Iqbal*, 556 U.S. at 686. A plaintiff may not "unlock the doors of discovery" until he has alleged facts, as opposed to conclusory allegations, that support plausible claims for relief. *Id*. at 678. Plaintiff has not met this standard for the reasons outlined above and in Defendant's opening brief. *See* ECF No. 45 (Def.'s Br.) at 6-18.

To support his request for discovery, Plaintiff contends that "there has been no discovery in the underlying administrative cases, and no investigation of [his] primary EEO complaint." *See* ECF No. 52-1 (Pl.'s Br.) at 15. But Plaintiff's argument fails to acknowledge that the Agency did not conduct a full investigation of his first EEO complaint because the complaint was *dismissed*, and that dismissal was subsequently *upheld* by the EEOC's Office of Federal Operations. *See*

---

[2] Plaintiff also provides no explanation for why he could not have alleged, even in generalized terms, the necessary factual predicates for his claims, such as the age of his alleged comparators in relation to his own age, or the supervisors of his alleged comparators. Notably, Plaintiff named his own supervisors in his Complaint, but did not specifically allege that any of his alleged comparators also worked for the same supervisors. *See* ECF No. 43 (Pl.'s Compl.) ¶ 14. The implication—which Plaintiff all but admits in his request for discovery—is that he *cannot* make such allegations, meaning that he has failed to state a claim.

12

ECF No. 43 (Pl.'s Compl.), ¶ 7. Unsurprisingly, Plaintiff does not cite any authority for his novel argument that a plaintiff may obtain discovery where, as here, the agency dismissed his claims administratively, and the judicial complaint fails to allege sufficient facts to support a plausible claim for relief. *See* ECF No. 52-1 (Pl.'s Br.) at 15-16. Indeed, to the extent that Plaintiff "is unaware of adequate facts to support a plausible claim for relief, his inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal." *Tickles*, 805 F. App'x at 208. The Court should not permit Plaintiff to "conduct a fishing expedition to determine if there is any factual basis for asserting [his] claims," *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015), merely because he is dissatisfied with the Agency's disposition and investigation of his claims below.

      Finally, the Court should not grant Plaintiff leave to amend his Complaint based on the passing and unsupported requests included in his Opposition. *See* ECF No. 52-1 (Pl.'s Br.) at 13, 14, 16. "Plaintiff has not filed a separate motion seeking leave to amend, nor has Plaintiff indicated how any pleading deficiencies . . can be cured through amendment." *Jones v. Jones*, 206 F. Supp. 3d 1098, 1113 n.12 (E.D. Va. 2016) (denying request for leave to amend included within opposition brief). Nor has Plaintiff properly presented a proposed amended complaint to the Court for consideration. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming denial of request for leave to amend where plaintiffs never presented a proposed amended complaint to the court and requested leave to amend in their response to motion to dismiss). As a result, there is no basis upon which the Court may grant Plaintiff's request for leave to amend his Complaint. Moreover, Plaintiff's Opposition makes clear that amendment

13

would be futile because he cannot make allegations sufficient to support a plausible claim for relief and instead seeks to obtain such facts through unwarranted discovery.

## V.     Conclusion

For all of the foregoing reasons, as well as the reasons set forth in Defendant's opening brief (ECF No. 45), Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).

Respectfully submitted,

JESSICA D. ABER
United States Attorney

/s/ *Daniel P. Shean*
Daniel P. Shean, Assistant U.S. Attorney
   Virginia State Bar No. 84432
Counsel for Defendant
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Telephone: (757) 441-6331
Facsimile: (757) 441-6689
Email: daniel.shean@usdoj.gov