UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

KEVIN REAGAN,

                Plaintiff,

       v.

WILLIAM J. BURNS, Director, Central
Intelligence Agency,

               Defendant.

Civil No. 4:23cv158

## ORDER

Pending before the Court are a Motion to Dismiss (the "Motion") (ECF No. 44) and a Memorandum in Support thereof (ECF No. 45), filed by Defendant William J. Burns, Director of the Central Intelligence Agency ("Defendant" or the "Agency"). The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Civ. R. 7(J). For the following reasons, Defendant's Motion to Dismiss (ECF No. 44) is **GRANTED.**

## I.    BACKGROUND

### A.    Factual Background

When ruling on a motion to dismiss for failure to state a claim, courts accept a complaint's well-pled factual allegations as true and draw any reasonable inferences in favor of the plaintiff. *See, e.g., Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012). The Court is "not so bound with respect to a complaint's legal conclusions." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *District 28,*

1

*United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1979)) (cleaned up). Accordingly, the Court reviews the facts as alleged by Plaintiff Kevin Reagan ("Plaintiff" or "Mr. Reagan") in his Complaint. *See generally* Compl. ¶¶ 1–30, ECF No. 43 ("Compl.").

Mr. Reagan is a 64-year-old man who was employed as an instructor at the Agency from 2005 until June 2021. *Id.* ¶¶ 2, 9. During his 16-year tenure as a federal employee with the Agency, he taught various topics such as survival tactics. *Id.* ¶ 10. On June 22, 2021, Mr. Reagan was terminated from his position. *Id.* ¶ 14. During the 18 months prior to this termination, Mr. Reagan reported to his first-level supervisor, Marc, and his second-level supervisor, Johnny, who were federal employee supervisors at the Agency. *Id.*

During Mr. Reagan's tenure at the Agency, he observed younger instructors being hired as older instructors were pushed out. *Id.* ¶ 16. At one point, Marc asked Mr. Reagan and another older instructor to each work half-time, in order to free up a position for a younger employee to be hired. *Id.* ¶ 17. On information and belief, other older instructors were pushed to reduce their hours to half-time as well. *Id.* Furthermore, other instructors over the age of 40 years old were removed without warning or explanation or were constructively discharged. *Id.* ¶ 18. Overall, Mr. Reagan observed older instructors being targeted for removal or a reduction in their working hours, while younger instructors were brought in by management. *Id.* ¶ 19.

On or about June 22, 2021, Mr. Reagan had a meeting with his supervisors Marc and Johnny, as well as another federal employee. *Id.* ¶ 15. They informed Mr.

Reagan that he was being removed from his role, but they would not provide any detailed justifications for the removal (the "June 2021 Removal"). *Id.* Prior to this meeting, Mr. Reagan's supervisors had not raised any concerns with him in a formal way, such as written notifications or via formal counseling. *Id.* Furthermore, Mr. Reagan had not been notified of any major concerns that would justify his removal, even though his supervisor, Johnny, had sat in on several of Mr. Reagan's classes. *Id.*

On September 20, 2021, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the Agency, alleging discrimination on the basis of age in connection with his removal (the "First EEO Complaint"). *Id.* ¶ 7. On June 30, 2022, he received a letter of determination dismissing his complaint. *Id.* On July 29, 2022, Mr. Reagan filed a timely notice of appeal with the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO"). *Id.* On November 10, 2022, the OFO issued a decision in favor of the Agency. On December 12, 2022, Mr. Reagan filed a Request for Reconsideration. *Id.* On September 21, 2023, the OFO issued a Decision on the Request for Reconsideration, ruling in favor of the Agency, and noting that Mr. Reagan had the right to file a civil action within 90 days. *Id.*

While the First EEO Complaint for the June 2021 Removal was making its way through the EEO and OFO process from September 20, 2021 to September 21, 2023, Mr. Reagan was in the process of onboarding to a new project with the Agency (the "July 2022 Project"). *Id.* ¶ 22. For months prior to July 2022, Mr. Reagan had been going through a remote onboarding process at the Agency. *Id.*; Pl.'s Mem. Opp'n Mot. Dismiss. at 18, ECF No. 52-1 ("Resp. Opp'n"). On July 28, 2022, he physically

went to the workplace and spent several hours completing the onboarding process. Compl. ¶ 22. At the end of the process, he was told he was not allowed to be on the project due to his "history at the Agency" (the "July 2022 Removal"). *Id.* An Agency employee told Mr. Reagan that he was not allowed to be on the project and that he needed to be debriefed due to his onboarding. *Id.*

On December 16, 2022, Mr. Reagan filed another formal EEO complaint against the Agency, alleging discrimination on the basis of his age, disability, and retaliation for his prior EEO activity, for being terminated from a project at the Agency, and for being thwarted from onboarding at the Agency (the "Second EEO Complaint"). *Id.* ¶ 8. On August 16, 2023, after going through the EEO administrative process for the Second EEO Complaint, he filed a hearing request with the EEOC. *Id.* ¶ 8. The Second EEO Complaint became an EEOC case, and the parties participated in an initial conference and initiated written discovery. *Id.* However, no discovery responses were exchanged, and no depositions were taken. Resp. Opp'n at 2. On September 21, 2023, the OFO entered a decision in favor of the Agency on the First EEO Complaint. *Id.* This triggered a filing deadline in this Court. *Id.* As such, on December 20, 2023, Plaintiff withdrew his case for the Second EEO Complaint from the EEOC, and filed a complaint in this Court on the same date. *Id.* The complaint before this Court encompasses issues from Mr. Reagan's two EEO complaints against the Agency. Compl. ¶ 8. Both complaints have gone through the administrative process at the Agency and are ripe for litigation. *Id.*

**B.    Procedure and Cause of Action**

On December 20, 2023, Mr. Reagan filed a Complaint against the Agency in this Court. Compl., ECF No. 1 (the "Original Complaint"). Therein, Plaintiff seeks relief pursuant to the Age Discrimination in Employment Act of 1967 (the "ADEA") for harms caused to Plaintiff by Defendant's unlawful discrimination on the basis of (1) his age and (2) his prior EEO activity (retaliation) when Plaintiff was prevented from onboarding for a subsequent job opportunity at the Agency. *Id.* at 1.

On June 10, 2024, Defendant filed a Motion to Seal and for Miscellaneous Relief (Mot. to Seal, ECF No. 16) and two Memorandums in Support thereof (ECF Nos. 18, 19), requesting that all filings in this case be sealed in the interest of national security. Therein, Defendant notes that Mr. Reagan did not obtain clearance from the the Agency's Prepublication Classification Review Board ("PCRB") prior to filing his Original Complaint with this Court, which he was obligated to do. Mem. Supp., ECF No. 18. In addition to requesting that all filings as of June 10, 2024 be sealed, Defendant also requested that the Court implement pre-filing review procedures for Plaintiff's revised complaint and for future filings in this case. *Id.* at 9.

On June 17, 2024, this Court issued an order granting in part Defendant's Motion to Seal and for Miscellaneous Relief, directing Plaintiff to submit his revised complaint to the PCRB for their review, and directing the PCRB to return the complaint to the Plaintiff in a form suitable for filing within 21 days. Order, ECF No. 23 (the "Order").  The Order also directed the Plaintiff to submit any future filings to the PCRB for review prior to filing those documents with the Court. *Id.* at 2. After

additional back and forth regarding certain information in Plaintiff's revised complaint, the complaint was filed on August 2, 2024 (the "Complaint"). Compl., ECF No. 43.

On August 14, 2024, Defendant filed a Motion to Dismiss for Failure to State a Claim and a Memorandum in Support thereof. Mot. to Dismiss, ECF No. 44 ("Mot."); Mem. Supp., ECF No. 45 ("Mem. Supp."). Therein, Defendant argues that Plaintiff fails to allege facts sufficient to support a reasonable inference of age discrimination (1) in connection with his alleged removal in June 2021 (Count I) and (2) in connection with his alleged termination from an Agency project the following year (Count II). Mem. Supp. at 1. In so arguing, Defendant notes that Mr. Reagan fails to allege any direct evidence of discriminatory bias, fails to allege facts sufficient to establish that he was performing his job at an adequate level at the time of his termination, and fails to allege that age-related animus had any role in the Agency's alleged decision-making. *Id.* at 1–2. Defendant also notes that Plaintiff relies upon vague and conclusory allegations concerning the Agency's treatment of "younger" employees, but the allegations lack sufficient factual support to permit a reasonable inference that the difference in treatment between Plaintiff and others was attributable to age discrimination. *Id.* at 2. Furthermore, Defendant argues that Plaintiff's Complaint fails to allege facts sufficient to support a reasonable inference of retaliation in connection with his alleged termination from an Agency project in 2022 (Count II) because the Complaint does not plausibly establish a causal nexus between Plaintiff's protected activity—filing an EEO complaint—and his termination from an Agency project

approximately ten months later. *Id.* Defendant also notes that Plaintiff's Complaint fails to allege that the Agency decisionmaker who terminated him from the project even knew about his earlier EEO activity. *Id.*

On October 28, 2024, after receiving sign-off from the PCRB, Mr. Reagan filed a Memorandum opposing Defendant's Motion to Dismiss. Resp. Opp'n, ECF No. 52-1. On November 11, 2024, the Agency filed a Reply in support of their Motion to Dismiss. Reply, ECF No. 53 ("Reply"). Defendant's Motion to Dismiss is ripe for adjudication.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An adequate claim requires more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A threadbare recitation of the "elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although the truth of the facts alleged is assumed, and the facts

are taken in the light most favorable to the plaintiff, courts are not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 570 (internal citations and footnote omitted). A complaint may survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted).

## III.    ANALYSIS

Defendant asserts that Plaintiff's claims of age discrimination and retaliation should be dismissed because Plaintiff fails to allege sufficient facts to state a claim under the ADEA. Mem. Supp. at 1. The Court considers each of the Plaintiff's claims in turn.

## A.    Count I: Age Discrimination for the June 2021 Removal

First, Plaintiff claims that the Agency unlawfully terminated his employment because of his age, in contravention of the ADEA. The ADEA prohibits age discrimination in employment. Specifically, 29 U.S.C. § 633a(a), referred to as the federal-sector provision of the ADEA, provides that "all personnel actions affecting employees or applicants for employment who are at least 40 years of age. . . . shall be made free from any discrimination based on age."

A plaintiff may *prove* age discrimination in two ways: (1) by presenting direct evidence of discrimination or (2) via the burden-shifting framework laid out in *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802–04 (1973). *See Song v. Becerra*, No. 20-1554, 2021 WL 3732961, at *1 (4th Cir. Aug. 24, 2021). However, to survive a Rule 12(b)(6) motion to dismiss for failure to state an ADEA claim, a plaintiff is not required to *plead* a prima facie case of discrimination pursuant to the burden-shifting framework. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Rather, he must plausibly "allege facts to satisfy the elements of a[n] [ADEA] cause of action." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). The elements of an ADEA action are that the plaintiff (1) is over the age of 40, and (2) experienced discrimination by a federal employer (3) because of his age. *See* 29 U.S.C. § 633a(a). However, to assess the plausibility of the plaintiff's claims at the pleading stage, the court "look[s] to the requirements of a prima facie case as a guide." *Motley v. Virginia*, No. 3:16cv595, 2018 WL 1472491, at *5 (E.D. Va. Mar. 26, 2018). A prima facie case requires the plaintiff to allege that: "(1) he was a member of the protected

9

class, namely, 'individuals who were at least 40 years of age,' 29 U.S.C. § 631(a); (2) he was performing his job duties to his employer's legitimate expectations at the time of termination; (3) he was terminated; and (4) he was replaced by a substantially younger individual." *Arthur v. Pet Dairy*, 593 Fed. App'x 211, 216 –17 (4th Cir. 2015). In some instances, where a plaintiff is alleging differential treatment to raise an inference of age discrimination, courts will substitute the fourth prong and, rather than requiring [laintiff to allege that he was replaced by a substantially younger individual, require plaintiff to allege that other similarly situated employees who were substantially younger than him were treated more favorably. *See, e.g., Radue v. Kimberly-Clark Corp*, 219 F.3d 612, 617 (7th Cir. 2000).

The parties do not dispute that Mr. Reagan is a member of a protected class, nor that he suffered an adverse employment action. Mr. Reagan is a 64-year-old man. Compl. ¶ 9; Mot. at 2. Title 29 U.S.C. § 633a(a) prohibits discrimination by federal agencies against employees who are at least 40 years old. As such, Mr. Reagan is a member of a protected class for purposes of the ADEA. Furthermore, Mr. Reagan was removed from his position with the Agency on June 22, 2021. Compl. ¶ 14; Mot. at 3. Removal from a position constitutes an adverse employment action. *See Crady v. Liberty Nat. Bank and Trust Co. of Ind.,* 993 F.2d 132, 136 (7th Cir. 1993) ("A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.").

As such, Plaintiff must allege sufficient facts such that the Court can draw a reasonable inference that (1) he was performing his job duties at a level that met his employer's legitimate expectations at the time of his termination and (2) he was replaced by a substantially younger individual or that other similarly situated employees who were substantially younger than him were treated more favorably.

### i. Plaintiff has not alleged sufficient facts for this Court to infer that he was satisfactorily performing his job duties.

To raise the inference that a plaintiff's termination was "because of age," plaintiffs should allege sufficient facts to plausibly demonstrate that they were performing their job duties satisfactorily. An affirmative allegation of satisfactory job performance is necessary—an assertion that the plaintiff had not been reprimanded for poor performance, or lacked performance problems, is not sufficient. *See Lambert v. Whiting Turner Contractor*, No. 1:15cv958, 2016 WL 2946176, at *4 (E.D. Va. May 19, 2016) (granting motion to dismiss when plaintiff provided no facts about his work performance, only mentioning that he requested lighter duties after developing hernia); *Beg v. Mayorkas*, No. 1:22cv1224, 2023 WL 8622289, at *2 (E.D. Va. May 2, 2023) (granting motion to dismiss when plaintiff stated "that he did not have 'any performance problem[s]' for 'most' of the employment period," as he did not affirmatively allege that he was meeting expectations).

Even when a plaintiff does make affirmative statements that their performance was satisfactory, courts have still declined to make the inference that an employment decision was based on age discrimination. *See Tickles v. Johnson*, 805 Fed. App'x 204, 205 (4th Cir. 2020) (affirming finding that plaintiff had not plausibly

11

alleged termination "because of his age" when plaintiff stated he was quickly promoted in the past, had an "exemplary record," received no write-ups and one reprimand, and supervisors "only ever said they were satisfied with his work"). Alleging satisfactory performance reviews up until termination, however, is "more than sufficient." *See Brennan v. GTE Gov't Sys. Corp.*, 150 F.3d 21, 27 (1st Cir. 1998) (finding sufficient evidence of satisfactory job performance when plaintiff submitted 16 years of performance reviews, where he received acceptable rankings and was rated as "met expectations" for all categories of work).

The facts alleged by Mr. Reagan are not sufficient to draw the inference that he was meeting his employer's legitimate expectations at the time of his removal. The only facts provided to this Court that can reasonably be interpreted as statements about Plaintiff's job performance are as follows:

- "Mr. Reagan was a long-time, loyal, dedicated employee of the Agency . . . ." Compl. ¶ 9.
- "Mr. Reagan started working for the Agency in 2005 as an instructor. Mr. Reagan taught various topics such as survival tactics until his removal on June 22, 2021." *Id.* ¶ 10.
- "Mr. Reagan's supervisors had not raised any concerns with him previously in a formal way, such as formal counseling or anything in writing, and Mr. Reagan had no prior notice of any major concerns that would justify his removal. In fact, his second-level supervisor Johnny had sat in on several of Mr. Reagan's classes and has not raised any issues." *Id.* ¶ 15.

While the Court commends Mr. Reagan's loyalty and dedication to the Agency, from this the Court cannot draw an inference that he was meeting job expectations at the time of his removal. With respect to his 16-year tenure at the Agency, courts have not found that a long tenure, on its own, is demonstrative of positive job performance. "[I]n evaluating whether an employee's job performance is satisfactory, the

12

relevant inquiry is whether the employee was meeting expectations at the time of termination." *Berini v. Fed. Reserve Bank of St. Louis, Eighth Dist.*, 420 F. Supp. 2d 1030, 1037 (E.D. Mo. 2006) (granting motion to dismiss for ADEA claim despite 35-year tenure at bank marked by positive evaluations, promotions, and raises—because employee's evaluations in the final three years showed unsatisfactory performance). The Court would of course look favorably upon Mr. Reagan's long tenure coupled with an allegation that Mr. Reagan had continuously received satisfactory performance reviews up until his termination, but Mr. Reagan has not alleged those facts here. Mr. Reagan's statements are similar to those in *Lambert* and *Beg*, where plaintiffs provided no affirmative statements to suggest that they were meeting the expectation standards of their employer. Beg alleged a "lack of problems" with his performance, *Beg*, 2023 WL 8622289, at *2, and here, Mr. Reagan alleges "no prior notice of any major concerns." Compl. ¶ 15. Both allegations are insufficient, and therefore the Court cannot draw an unwarranted inference that there must have been an alternative, nefarious reason for termination—here, age discrimination.

### ii.    Plaintiff has not alleged that the "individuals" he refers to in his Complaint are substantially younger.

Courts have generally held that an individual who is ten years younger or more constitutes a substantially younger individual. *DeBord v. Wash. Cnty. Sch. Bd.*, 340 F. Supp. 2d 710, 714 (W.D. Va. 2004)*; see also Grosjean v. First Energy Corp.*, 349 F.3d 332, 336–38 (6th Cir. 2003) (citing 34 cases where individuals ten years younger or more were found substantially younger). *Compare Rhmyer v. Yokohama Tire Corp.*, 106 F.3d 391, 1997 WL 14143 at *3 (4th Cir. 1997) (replacement of a 54-year

old by a 41-year old found to be substantially younger), *with Cramer v. Intelidata Tech. Corp.*, 168 F.3d 481, 1998 WL 911735, at *3 (4th Cir. 1998) (replacement of employee by person five years younger found not substantially younger). The Supreme Court has clarified that a plaintiff's replacements or similarly-situated colleagues need not be outside of the protected class—here, younger than 40 years old—to be considered substantially younger. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("The fact that one person in the protected class lost out to another person in the protected class is irrelevant, so long as he has lost out *because of his age*.").

Mr. Reagan provided the following facts about his colleagues' ages:

- "In his tenure at the agency, Mr. Reagan observed younger instructors being hired as older instructors were pushed out." Compl. ¶ 16.
- "Mr. Reagan's supervisor Marc asked Mr. Reagan and another older instructor to both work half-time, in order to free up a position for a younger employee to be hired. On information and belief, other older instructors were pushed to reduce their hours to half-time as well." *Id.* ¶ 17.
- "Besides Mr. Reagan, other instructors over the age of 40 were removed without warning or explanation or were constructively discharged." *Id.* ¶ 18.
- "Older instructors have been targeted for removal or a reduction in their working hours, while younger instructors have been brought in by management." *Id.* ¶ 19.

Stating that the replacement or similarly-situated employees were "younger" is not sufficient—even at the pleading stage. *See Tickles*, 805 Fed. App'x at 208 (affirming dismissal when plaintiff merely alleged that "younger, less qualified" individuals were promoted instead of him); *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 316 (S.D.N.Y. 2015) (plaintiff merely asserted that Defendant hired candidates "younger" than him); *Payne v. Malemathew*, No. 09cv1634, 2011 WL

14

3043920, at *2 (S.D.N.Y. July 22, 2011) (dismissing case when plaintiff pled only that he was "oldest employee," even though Court gave his allegations extra deference as a pro se plaintiff); *Nance v. City of New York*, No. 09cv2786, 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) ("An allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss."). Mr. Reagan's Complaint similarly only alleges that individuals were "younger" or "older", with no further factual enhancements. Thus, as this Court looks to this prong for guidance as well, Mr. Reagan's Complaint lacks well-pled facts for Rule 12(b)(6) purposes.

## B.   Count I:  Age Discrimination Based on the July 2022 Removal

Next, Plaintiff arguably alleges[1] that the Agency unlawfully removed him from the July 2022 Project because of his age, in contravention of the ADEA. Compl. ¶ 1. The only information we have about the July 2022 Removal is as follows:

- "Mr. Reagan was terminated from a project at the Agency on July 28, 2022." *Id.* ¶ 21.
- "Concerning this second termination in July 2022, Mr. Reagan had gone through an onboarding process for months and was completing this process at the Agency. He went on the Agency site and spent several hours completing the onboarding process. At the end of this process, Mr. Reagan was told that he was not allowed to be on the project due to his history at the Agency. (Plaintiff notes that his history is that he had filed an EEO complaint against the Agency based on his removal in 2021.) Mr. Reagan was told that an Agency employee stated that he was not allowed to be on the project and that he needed to be debrief as he had onboarded." *Id.* ¶ 22.
- "[H]is subsequent removal from a project in 2022 [was not] warranted or based on any misconduct." *Id.* ¶ 23.

---

[1] Plaintiff alleges as much in the introduction to his Complaint, *see* Compl. ¶ 1, although the allegation is not repeated in the paragraphs actually outlining Count I, *see* Compl. ¶¶ 24–26.

These facts, related to the July 2022 Removal, do not even use the word "age." As such, though Mr. Reagan mentions in a conclusory fashion on the first page of his Complaint that he was discriminated against "on the basis of his age . . . when Plaintiff was prevented from onboarding at the Agency for a subsequent job opportunity at the Agency," *id.* ¶ 1, the Court will not consider that claim further. Accordingly, for the reasons stated above, Defendant's Motion as to Count I is **GRANTED**.

### C.    Count II:  Retaliation Based on the July 2022 Removal

Finally, Plaintiff alleges that the Agency unlawfully removed him from the July 2022 Project in retaliation for protected activity—the filing of the First EEO Complaint—in contravention of the ADEA. *See* Compl. ¶¶ 27–28. The Supreme Court has held that a federal employee who files an age discrimination complaint, and thereafter suffers retaliation due to that complaint, can assert a claim under the federal-sector provision of the ADEA. *Gomez-Perez v. Potter*, 553 U.S. 474, 477 (2008); 29 U.S.C. § 633a(a). For claims of retaliation to survive dismissal, however, "it is not sufficient for plaintiff to plead that he . . . participated in a protected activity and was not hired. Instead, he must plead facts to support a plausible claim that defendant's failure to hire him was caused by the protected characteristic or activity." *See Fitten v. McCarthy*, No. 1:20-cv-676, 2021 WL 622432 at *5 (E.D. Va. Feb. 17, 2021). Again, courts regularly look to the prima facie elements of retaliation to determine whether a plaintiff has sufficiently pled to this standard:

> Yet, in assessing whether a plaintiff plausibly stated a claim for ADEA or Title VII retaliation, the United States Court of Appeals for the Fourth Circuit often speaks of "a prima facie case of retaliation," *Decoster v. Becerra*, 119 F.4th 332, 342 (4th Cir. 2024). Additionally, in

16

determining whether a complaint plausibly stated a claim for retalia-
tion, the Fourth Circuit (recently and repeatedly) has relied on decisions
rendered on summary judgment that analyze the prima facie elements
of a retaliation claim. .

*Connelly v. Guilford Cnty. Schools*, No. 1:24-cv-492, 2025 WL 551896 at *6 (M.D.N.C.

Feb. 19, 2025) (additional citations omitted). Pursuant to the prima facie elements,

courts may consider whether the plaintiff plausibly alleged that "(1) he engaged in a

protected activity (2) he suffered an adverse action and (3) there is a causal connection

between the activity and the adverse action." *See McNairn v. Sullivan*, 929 F.2d 974,

980 (4th Cir. 1991).

The Fourth Circuit has found that filing an EEOC complaint constitutes pro-

tected activity. *See King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003). The parties

do not dispute that Mr. Reagan filed an EEOC complaint, which constitutes protected

activity. Furthermore, as to the second element, "[t]ermination, failure to hire, and

failure to renew an employment agreement all constitute adverse employment ac-

tions." *Leonard v. Trs. of Cleveland Cmty. Coll.*, No. 1:17cv296, 2019 WL 2076566 at

*5 (W.D.N.C. May 9, 2019). The parties also do not dispute that Mr. Reagan suffered

an adverse employment action when the Agency declined to onboard him onto a pro-

ject on July 28, 2022.

With respect to the third element, to allege the causal connection, "a plaintiff

can either show a temporal proximity between the protected activity and adverse ac-

tion, or that other relevant evidence indicates 'continuing retaliatory conduct and an-

imus' toward the plaintiff." *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th

151, 156 (4th Cir. 2023) (quoting *Letteri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir.

17

2007)). Additionally, a plaintiff must allege that the decisionmaker who carried out the adverse employment action was aware of plaintiff's protected activity prior to the termination. *Roberts v. Glenn Indus. Group Inc.*, 998 F.3d 111, 124 (4th Cir. 2021).

When a plaintiff points solely to temporal proximity to allege causation, that proximity must be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Courts have found even two months to be insufficiently close. *See Laurent-Workman v. Wormuth*, 54 F.4th 201, 219 (4th Cir. 2022) (at least two-month temporal gap between plaintiff's last known Title VII complaint and her non-selection for program coordinator position); *King,* 328 F.3d at 151 n.5 (noting that just over two-month gap between supervisor learning of protected activity and termination weakened the inference of causation). As a general rule, "[o]ften the passage of a few weeks is sufficiently proximate to infer causation, a few months weakens the inference, and six months or more is too temporally remote to infer causation." *Allen v. Stephens*, No. 2:22cv388, 2024 WL 1204098 at *30 (S.D. W. Va. Mar. 20, 2024). Here, Mr. Reagan filed his EEOC Complaint on September 20, 2021. The Agency thereafter terminated him from a project on July 28, 2022, which is a ten-month gap. Plaintiff asserts that July 28, 2022 was his first time physically in the workplace for ten months, and that he was retaliated against at the first opportunity: "This is quite different from an employee being in the workplace for 10 months where a supervisor does not retaliate against the employee every day for 10 months, creating an intervening period of non-retaliation." Resp. Opp'n at 18. However, Plaintiff provides no case law to support

this principle. The Court finds that Plaintiff fails to sufficiently plead temporal proximity to allege causation.

In the alternative, Plaintiff could allege continuing retaliatory conduct and animus. *See Tankesley v. Vidal*, No. 1:21cv1448, 2023 WL 4273763 at *1 (E.D. Va. June 29, 2023) (denying motion to dismiss when plaintiff alleged pattern of retaliation[2]); *Widmer v. Austin*, No. 1:21cv748, 2022 WL 2959710 at *4 (E.D. Va. July 26, 2022) (denying motion to dismiss for Title VII retaliation claim when employer shorted plaintiff $6,408 in pay, reassigned her to new supervisor, searched her desk for hours, downgraded her performance, and delayed the start to her joint duty assignment). In *Widmer*, the Court specifically noted that while it found much of that conduct not materially adverse on its own, "[t]aken together, Plaintiff plausibly alleges a campaign of retaliatory harassment." *Id.* at 5; *see also Newell Carter Bank & Trust*, No. 4:21cv007, 2022 WL 801601 at *6 (W.D. Va. Mar. 15, 2022) (finding sufficient allegations of continuing retaliatory conduct when employer asked plaintiff about plans to retire (despite her not having any plans to do so), plaintiff faced false accusations from HR, and plaintiff was fired for a small mistake).

---

[2] Additional facts regarding the pattern of retaliation can be found in earlier order in the same case: "The Amended Complaint describes Jones as 'angered' by Anna Tankesley's assertion of her rights under the Rehabilitation Act and from that point on Jones began (i) requiring weekly status reports; (ii) mandating weekly meetings; (iii) denying leave requests; (iv) questioning Anna Tankesley's mental abilities; (v) attempting to suspend Anna Tankesley; (vi) threatening Anna Tankesley's job; (vii) issuing a letter of reprimand; and (viii) ultimately removing Anna Tankesley's job duties." Order at 10–11, ECF No. 34, *Tankesley v. Vidal*, No. 1:21cv1448 (E.D. Va. June 17, 2022).

Mr. Reagan has alleged no such pattern of retaliation. In fact, he alleges the opposite. Though Mr. Reagan was terminated from his position in June 2021, the Agency onboarded him to a new project "for months" prior to July 2022. Compl. ¶ 22. He does not allege that even a single comment was made during these months of onboarding with respect to his First EEOC Complaint, which had been ongoing since September 20, 2021. On July 28, 2022, Mr. Reagan went to the Agency to complete his onboarding and was told he was not allowed to be on the project "due to his history at the Agency." *Id.* Plaintiff notes in parentheses in his complaint, that "(his history is that he had filed an EEOC complaint against the agency based on his removal in 2021.)" *Id.* This is not a factual allegation. Without further details to support this conclusion, the Court finds this to be an unwarranted inference, and this Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.,* 213 F.3d at 180. The Court notes Mr. Reagan's 16-year history with the agency, and, lacking other facts, questions how a factfinder could reasonably conclude from this bare remark that the Agency was not referring to any other circumstances in that long history that might make Mr. Reagan unsuitable for the July 2022 Project. There are simply not enough alleged facts to draw the inference that the Agency failed to hire him because of the First EEO Complaint.

Finally, Plaintiff has failed to allege that the decisionmaker who removed him from the July 2022 Project was even aware of the First EEO Complaint. While Plaintiff may be trying to suggest that the decisionmaker was aware based on the

statement about Mr. Reagan's "history" at the agency, the facts as alleged are, once again, simply not sufficient for the Court to make that jump.

Defendant has made allegations which suggest a sheer possibility that the Agency's failure to hire him on the July 2022 Project was caused by the First EEO Complaint. An adequate claim requires more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 556 U.S. at 768. Accordingly, Defendant's Motion to Dismiss for failure to state a claim as to Count II is **GRANTED**.[3]

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 44) is **GRANTED**.  The Complaint is **DISMISSED** without prejudice as the deficiencies in Plaintiff's complaint are potentially correctable. *See, e.g., CertusView Techs., LLC v. S. & N Locating Servs., LLC*, 107 F. Supp. 3d 500, 523 (E.D. Va. 2015) ("Courts ordinarily grant leave to amend following a dismissal . . . ." (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999)). Therefore, the Court **PROVIDES** Plaintiff with leave to amend his Complaint. If Plaintiff fails to adequately amend the Complaint within forty-five (45) days after the entry of this Order, the Court will dismiss

---

[3] The Court notes that Plaintiff requests leave to conduct discovery. Resp. Opp'n at 16. However, Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (citing Fed. R. Civ. P. 8). "Insofar as [plaintiff] is unaware of adequate facts to support a plausible claim for relief, his inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal." *Tickles*, 805 Fed. App'x at 208.

the Complaint with prejudice. The Clerk is **REQUESTED** to forward a copy of this

Order to counsel of record for all parties.

        **IT IS SO ORDERED.**

_____
/s/
Arenda L. Wright Allen
United States District Judge

March 18, 2025
Norfolk, Virginia