UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| KEVIN REAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:23-cv-158 |
| | ) |
| JOHN RATCLIFFE,[1] Director, | ) |
| Central Intelligence Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED COMPLAINT[2]

1.  Plaintiff Kevin Reagan, by and through undersigned counsel, hereby files this action against Defendant Central Intelligence Agency (CIA or "Agency"), pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. Plaintiff seeks relief pursuant to the ADEA, i.e., 29 U.S.C. § 626(c), for harms caused to Plaintiff by Defendant's unlawful discrimination on the basis of his age, when Plaintiff was removed from the Agency, and on the basis of his prior EEO activity (retaliation) when Plaintiff was prevented from onboarding at the Agency for a subsequent job opportunity at the Agency. Plaintiff requests as relief: injunctive relief in the form of reinstatement, with backpay and back benefits retroactive to June 22, 2021; payment for lost job opportunities that were turned down to work at the Agency; front pay; maximum compensatory damages (if applicable); liquidated damages under the ADEA;

---

[1] As John Ratcliffe is the current director of the CIA, he is being named as the Defendant in this Complaint (in his official capacity), replacing the former director, William Burns.

[2] Per the Orders dated March 18, 2025 and May 1, 2025 (Dkt. 56 and 58 respectively), Plaintiff has amended his complaint and submitted it to the Agency's Prepublication Classification Review Board (PCRB) on May 16, 2025. On May 23, 2025, the PCRB noted one revision to make in paragraph 2, and Plaintiff is filing this Amended Complaint after making the revision to paragraph 2.

attorney fees, costs, and expenses; and such other relief as the Court deems just and appropriate, in order to fully remedy Defendant's unlawful acts.

## PARTIES

2. Plaintiff Kevin Reagan is a United States citizen and a resident of Virginia, and was so at all times relevant to this Complaint. He currently resides in Chantilly, Virginia.[3] He was employed as an instructor at the Agency starting in 2005, until June 2021. He is 64 years old.

3. Defendant John Ratcliffe is the Director of the Central Intelligence Agency (CIA or "Agency"), and as such, has ultimate authority over the actions of the Agency. Defendant is sued in his official capacity only. The Agency is located in Virginia, but its address cannot be disclosed for national security reasons.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint because it presents questions of federal law. 28 U.S.C. § 1331.

5. Specifically, this Court has jurisdiction over this Complaint pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 626(c). Plaintiff worked for the Agency within the jurisdiction of the Newport News Division. Plaintiff's supervisors were also located within this jurisdiction, and the discriminatory acts complained of occurred within this jurisdiction.

7. Mr. Reagan's age discrimination claims are timely per 29 U.S.C. § 633a(c), which allows Mr. Reagan to bring his age discrimination complaint in U.S. District Court after filing an Equal Employment Opportunity (EEO) complaint with the Agency and participating in the

---

[3] Plaintiff's full address cannot be provided per the instruction of the PCRB.

administrative process. Mr. Reagan filed a formal EEO complaint with the Agency on September 20, 2021, alleging discrimination on the basis of age concerning his removal on June 22, 2021, and he received a letter of determination dismissing his complaint on June 30, 2022. Within 30 days of his receipt of this dismissal of his formal EEO complaint, Mr. Reagan filed a notice of appeal with the Equal Employment Opportunity Commission's (EEOC's) Office of Federal Operations (OFO), on July 29, 2022. On November 10, 2022, the OFO issued a decision in favor of the Agency, for which Mr. Reagan timely filed a Request for Reconsideration, on December 12, 2022 (on the Monday following a weekend, which was timely per 29 CFR § 1614.604 (d)). On September 21, 2023, the OFO issued a Decision on the Request for Reconsideration, in favor of the Agency, noting that the EEOC will presume that the decision was received within 5 days of issuance and providing Mr. Reagan with the right to file a civil action within 90 days of receipt. On December 20, 2023, Mr. Reagan timely filed his civil action within 90 days of his receipt.

8. In addition, Mr. Reagan filed another formal EEO complaint at the Agency, on December 16, 2022, alleging discrimination on the basis of his age, disability, and prior EEO activity (retaliation), for being terminated from a project at the Agency and for being thwarted from onboarding at the Agency. After going through the EEO administrative process at the Agency for this second EEO complaint, Mr. Reagan timely filed a hearing request with the EEOC on August 16, 2023, within 30 days of his attorney's receipt of the Agency's letter notifying Mr. Reagan of his right to request an EEOC hearing. This second EEO complaint became an EEOC case, and the parties participated in an initial conference and initiated written discovery. Mr. Reagan informed the EEOC, through a letter from his counsel, that he was withdrawing his EEOC hearing request to pursue this complaint in federal court. Thus, the original Complaint in this Court, filed on December 20, 2023, as well as this Amended Complaint, encompass issues from

Mr. Reagan's two EEO complaints at the Agency. Both EEO complaints have gone through the administrative process at the Agency and are ripe for litigation in federal court.

## **FACTS**

9. Born in October 1960, Mr. Reagan is a 64-year-old man. He is a member of a protected group by virtue of his age, and he is also a disabled veteran. Mr. Reagan was a long-time, loyal, dedicated employee of the Agency and is a former member of a special forces unit (18 Delta Special Forces Medic with the U.S. Army).

10. Mr. Reagan started working for the Agency in 2005 as an instructor. Mr. Reagan taught various topics such as survival tactics until his removal on June 22, 2021.[4]

11. The content of Mr. Reagan's classes was determined by his supervisors, who controlled and authorized the material taught to the students by the instructors, as well as the manner in which the students were taught.

12. The Agency controlled Mr. Reagan's hours, work location, projects, and schedule. All tools, materials, equipment, and uniforms used by Mr. Reagan were furnished by the Agency. The Agency provided Mr. Reagan with health benefits, by providing screenings, hearing tests, and flu vaccines every year, and also providing him with access to the clinic just as for other employees.

13. Mr. Reagan's supervisor directed him to attend events for federal employees such as retirement parties.

14. Mr. Reagan was a federal employee, reporting to his first level supervisor Marc and second level supervisor Johnny (federal employee supervisors at the Agency) for approximately

---

[4] The specifics of Mr. Reagan's instruction will not be elucidated, and the facts in general in this Complaint will be truncated, due to the nature of the Agency and in the interest of national security.

one to one and a half years before Mr. Reagan was removed (terminated) from the Agency on June 22, 2021.

15. Throughout his 16-year career at the Agency, Mr. Reagan received positive feedback and accolades concerning his performance.

16. There were no performance evaluations for Mr. Reagan's position at the Agency. In the 16 years that Mr. Reagan worked for the Agency, he never received a performance evaluation. However, Mr. Reagan received positive feedback about his performance from his supervisors for his entire tenure at the Agency, including during the last three years. In his final three years (and throughout his tenure at the Agency), Mr. Reagan received positive comments about his performance from his supervisors as well as positive student critiques. Mr. Reagan established a record of excellent job performance at the Agency.

17. While there were no performance evaluations for Mr. Reagan's position at the Agency, an indication of such performance is that Mr. Reagan's employment contracts were renewed continually throughout his 16-year career at the Agency. Other instructors with performance issues did not have their employment contracts renewed. In addition to his positive performance feedback, Mr. Reagan's continuing work at the Agency demonstrates his positive work performance. Finally, while working at the Agency, Mr. Reagan never received documentation akin to a negative performance review, or a performance improvement plan, or a performance memo alleging performance deficiencies.

18. On or about June 22, 2021, Mr. Reagan had a meeting with his supervisors Marc and Johnny and another federal employee. They informed Mr. Reagan that he was being removed, but they refused to provide any explanation for the removal. Mr. Reagan's supervisors had not raised any concerns with him previously in a formal way, such as formal counseling or anything

in writing, and Mr. Reagan had no prior notice of any concerns that would justify his removal. In fact, his second-level supervisor Johnny had sat in on several of Mr. Reagan's classes and had not raised any issues.

19. In his tenure at the Agency, Mr. Reagan observed younger instructors being hired as older instructors were pushed out. These younger instructors were in their 30s and 40s while the older instructors were more than 10 years older. For instance, Mr. Reagan was 61 at the time of his removal and was at least 20 years older than younger instructors being hired at that time.

20. Upon information and belief, Mr. Reagan was replaced by an instructor who was over 10 years younger than he at the time of his removal.

21. Instructors over 10 years younger than Mr. Reagan were treated more favorably than he. For instance, Mr. Reagan's supervisor Marc asked Mr. Reagan and another older instructor to both work half-time, in order to free up a position for a younger employee to be hired. On information and belief, other older instructors were pushed to reduce their hours to half-time as well.

22. Besides Mr. Reagan, other instructors over the age of 40 were removed without warning or explanation or were constructively discharged.

23. Older instructors have been targeted for removal or a reduction in their working hours, while younger instructors over 10 years younger have been brought in by management.

24. The Agency's removal of Mr. Reagan has caused lost salary and benefits, damage to his career and reputation, and lost job opportunities. Defendant's discriminatory actions constitute disparate treatment of Mr. Reagan on the basis of his age and protected EEO activity. Alternatively, Defendant's actions have resulted in a disparate impact on Mr. Reagan due to his age and protected EEO activity. As noted in the Causes of Action, Mr. Reagan is claiming age

discrimination with regard to his removal in June 2021 and retaliation with regard to being terminated from a project in July 2022.

25. In addition to Mr. Reagan's removal on or about June 22, 2021, Mr. Reagan was terminated from a project at the Agency on July 28, 2022. As with his previous removal, Mr. Reagan filed an EEO complaint at the Agency, alleging discrimination and retaliation concerning this termination in July 2022.

26. Concerning this second termination in July 2022, Mr. Reagan had gone through an onboarding process for months and was completing this process at the Agency in person. He went to the Agency facility in person and spent several hours completing the onboarding process. At this point, Mr. Reagan had passed all security and background checks to gain access to the Agency facility and begin working on the project.

27. At the end of the onboarding process, Mr. Reagan was told by the program manager that the contracting officer's technical representative (COTR) had instructed the program manager that Mr. Reagan was not allowed to be on the project "because of what happened on the other range," which was that Mr. Reagan had brought an EEO complaint against the Agency based on his removal in 2021.[5]

28. Mr. Reagan construed from the comments made to him in 2022 that he was being removed from the 2022 project as a direct result of his EEO activity in 2021. That is what was conveyed to him in 2022.

29. In addition, on information and belief, the manager who contacted the COTR to remove Mr. Reagan from the 2022 project was aware of his EEO activity, which was well known

---

[5] The complete onboarding process and details are not being provided in this Amended Complaint due to national security reasons.

among the management of the facility.

30. Mr. Reagan's removal from his instructor position at the Agency in 2021, and his subsequent removal from a project in 2022, are not warranted by or based on any misconduct. The Agency had not given any formal discipline to Mr. Reagan regarding his conduct during his tenure with the Agency.

## CAUSES OF ACTION

### COUNT I
### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

31. Mr. Reagan repeats and realleges the allegations contained in the preceding paragraphs as though the same are set forth in full herein.

32. Mr. Reagan was an employee of the Agency within the meaning of the ADEA and applicable laws when he was removed on or about June 22, 2021.

33. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Kevin Reagan on the basis of his age (born in October 1960) in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*, when it removed him from the Agency on or about June 22, 2021. Damages such as backpay and liquidated damages are warranted. (*See* Relief Requested section *infra*.)

### COUNT II
### RETALIATION
### IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

34. Mr. Reagan repeats and realleges the allegations contained in the preceding paragraphs as though the same are set forth in full herein.

35. Based upon the facts described in the preceding paragraphs, Defendant unlawfully

retaliated against Plaintiff Kevin Reagan in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 623(d), when he was prevented from onboarding at the Agency for a job opportunity at the Agency in July 2022.

## **RELIEF REQUESTED**

36. Plaintiff requests any and all relief provided by the discrimination laws, including but not limited to the following:

   a. Injunctive relief in the form of reinstatement as an instructor, with backpay and back benefits retroactive to June 22, 2021, and correction of any negative employment records held by the Agency;

   b. Payment for lost job opportunities that were turned down to work at the Agency;

   c. Front pay;

   d. Maximum compensatory damages (if applicable);

   e. Liquidated damages under the ADEA;

   f. Attorney fees, costs, and expenses; and

   g. Such other relief as the Court deems just and appropriate.

## **JURY TRIAL**

37. Plaintiff requests a trial by jury on all issues that are triable by jury.

May 29, 2025                                                    Respectfully submitted,

                                                                 /s/ LENORE C. GARON
                                                                LENORE C. GARON
                                                                VSB # 39934
                                                                Law Office of Lenore C. Garon, PLLC
                                                                2412 Falls Place Court
                                                                Falls Church, VA 22043
                                                                Phone: 703-534-6662
                                                                Fax: 703-534-4448
                                                                lenore@lenorecgaron.com
                                                                *Attorney for Plaintiff*

         /s/ DANIEL K. GEBHARDT
        DANIEL K. GEBHARDT
        (D.C. Bar No. 975703)
        Solomon Law Firm, PLLC
        1025 Connecticut Avenue, N.W.
        Suite 1000
        Washington, DC 20036
        Phone: 866-833-3529
        Fax: 202-688-1896
        dgebhardt@fedemploylaw.com
        *Attorney for Plaintiff*