UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

KEVIN REAGAN,
        *Plaintiff*,

      v.                       **CIVIL ACTION NO. 4:23-cv-158**

JOHN RATCLIFFE, Director,
Central Intelligence Agency,
        *Defendant*.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiff, Kevin Reagan, a 64-year-old male, brought this action against Defendant, John Ratcliffe, Director of the Central Intelligence Agency ("CIA"), alleging claims of age discrimination and retaliation pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. The Court previously dismissed Plaintiff's original Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), but granted Plaintiff leave to amend. In his Amended Complaint, Plaintiff attempts—but fails—to correct the deficiencies that were previously identified by the Court.

As was the case with his original Complaint, Plaintiff does not allege sufficient facts to support a reasonable inference of age discrimination in connection with his removal in June 2021. Plaintiff relies primarily upon vague and conclusory allegations concerning the CIA's treatment of "younger" employees in their 30s and 40s, in contrast to him and other, "older" employees. But Plaintiff's allegations about such employees lack sufficient detail to permit a reasonable inference that the difference in treatment between Plaintiff and others was attributable to age discrimination. Plaintiff also attempts to salvage his claim with a new allegation, "upon

information and belief," that he was replaced by an individual who was over ten years younger than him. But Plaintiff's new allegation is a conclusory and threadbare recitation of the legal element of a claim, which the Court need not accept as true. Additionally, the new allegation lacks sufficient supporting details about Plaintiff's alleged replacement to support a reasonable inference of age discrimination.

Plaintiff also does not allege sufficient facts to support a reasonable inference of retaliation in connection with the CIA's alleged actions preventing him from onboarding to work on an agency project in July 2022. As with his original Complaint, Plaintiff does not establish a plausible causal nexus between his protected activity—filing an EEO complaint in September 2021—and the agency's alleged actions ten months later. Plaintiff attempts to evade dismissal with a new allegation concerning an alleged statement by an agency employee that Plaintiff was not allowed to work on the agency project "because of what happened on the other range." But like many of the other allegations in the Amended Complaint, this allegation relies upon unsupported speculation and unwarranted inferences, which the Court should reject. Rather than supporting an inference of retaliation, the alleged statement suggests that Plaintiff was not permitted to work on the agency project due to the conduct "on the other range" that led to his earlier removal in June 2021.

In sum, none of the allegations in Plaintiff's Amended Complaint support a reasonable inference that the CIA discriminated against him because of his age, or that the CIA retaliated against him for filing an EEO complaint. The Court should therefore dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    <u>RELEVANT BACKGROUND</u>

### A.  Factual Background[1]

Plaintiff is a 64-year-old male.  ECF No. 60 (Pl.'s Am. Compl.), ¶ 9.  He alleges that he worked for the CIA as an instructor between 2005 and 2021, teaching various topics, such as survival tactics.  *Id*. ¶ 10.[2]  He was removed from his instructor position on or about June 22, 2021, at the age of 61.  *Id*. ¶¶ 10, 19.  For approximately one-and-a-half years prior to his removal, Plaintiff reported to his first-level supervisor, Marc, and his second-level supervisor, Johnny.  *Id*. ¶ 14.  Plaintiff does not identify the age or approximate age of either supervisor.  *See id*. ¶¶ 9-30.

Plaintiff claims that he received positive feedback concerning his performance in the years leading up to his removal.  *Id*. ¶ 16.  Although he did not receive performance evaluations as an instructor, he alleges that he received positive comments from his supervisors and positive feedback from students.  *Id*.  Additionally, he alleges that his contracts were renewed during his tenure at the CIA, while other instructors with performance issues did not have their contracts renewed.  *Id*. ¶ 17.  He also claims that he never received written documentation akin to a negative performance review, a performance improvement plan, or a memorandum alleging performance deficiencies, and that he never received any formal discipline.  *Id*. ¶¶ 17, 30.

Plaintiff alleges that during his time as an instructor, he observed younger instructors in their 30s and 40s being hired, while older instructors more than ten years older were "pushed out"

---

[1] The factual background is drawn from the allegations contained in Plaintiff's Amended Complaint and is assumed to be true only for purposes of Defendant's Motion.  *See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).  Nothing contained herein should be construed as Defendant's position on the veracity of any of Plaintiff's allegations.

[2] For purposes of this Motion, Defendant assumes (without confirming or denying) that Plaintiff was an "employee" of the CIA within the meaning of the ADEA.  An individual may only pursue a cause of action under the ADEA if he qualifies as an "employee" within the meaning of the statute.  *Mangram v. Gen. Motors Corp.*, 108 F.3d 61, 62 (4th Cir. 1997).

or removed without warning or explanation. *Id*. ¶¶ 19, 22, 23. Plaintiff also claims that Marc once asked him and another "older" instructor to work half-time, in order to free up a position for a "younger" employee to be hired. *Id*. ¶ 21. Upon information and belief, Plaintiff further claims that other "older" instructors were also pushed to reduce their hours to half-time. *Id*.

On or about June 22, 2021, Marc and Johnny met with Plaintiff and told him that he was being removed from his position. *Id*. ¶ 18. According to Plaintiff, Marc and Johnny did not provide any explanation for his removal, and had not previously raised any concerns with him in a formal manner, such as formal counseling or anything in writing. *Id*. Plaintiff also claims that Johnny had previously sat in on several of Plaintiff's classes and had not raised any issues prior to his removal. *Id*. Upon information and belief, Plaintiff alleges that he was replaced by an instructor who was over ten years younger than he was at the time of his removal. *Id*. ¶ 20.

Following his removal, Plaintiff timely filed a formal EEO complaint with the CIA on September 20, 2021, alleging discrimination on the basis of age in connection with his removal. *Id*. ¶ 7. Ten months later, in July 2022, Plaintiff returned to a CIA facility to attempt to complete an onboarding process and commence working on an agency project. *Id*. ¶ 26. Plaintiff alleges that he went through the onboarding process "for months" and attempted to complete the process in person at the facility after passing security and background checks. *Id*. At the end of the onboarding process, the program manager for the agency project told Plaintiff that the contracting officer's technical representative ("COTR") instructed the program manager that Plaintiff was not allowed to work on the project "because of what happened on the other range." *Id*. ¶ 27.

Plaintiff construed the COTR's alleged comments as referring to his prior EEO activity, *i.e.*, his September 2021 EEO complaint alleging age discrimination in connection with his removal from his instructor position. *Id*. ¶¶ 27-28. Upon information and belief, Plaintiff alleges

that the COTR knew of his prior EEO activity because it "was well known among the management of the facility." *Id.* ¶ 29.

### B. Procedural Background

As previously noted, following his removal in June 2021, Plaintiff filed a formal EEO complaint on September 20, 2021, claiming age discrimination. ECF No. 60, ¶ 7. After receiving a determination dismissing his complaint, Plaintiff appealed to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO"), which issued a decision in favor of the CIA. *Id.* Plaintiff subsequently filed a request for reconsideration, which the OFO denied. *Id.*

Additionally, following his removal from the above-referenced agency project in July 2022, Plaintiff filed a second formal EEO complaint on December 16, 2022, alleging discrimination based on age and disability, and retaliation for his prior EEO complaint. *Id.* ¶ 8. After proceeding through the EEO administrative process, Plaintiff filed a hearing request with the EEOC. *Id.* However, Plaintiff withdrew his EEOC hearing request before receiving a determination. *Id.*

After receiving the OFO's decision denying his request for reconsideration on his first EEO complaint, and after withdrawing his request for an EEOC hearing on his second EEO complaint, Plaintiff filed suit in this Court alleging that the CIA discriminated against him based on his age, and retaliated against him for filing his first EEO complaint, in violation of the ADEA. ECF Nos. 1, 43 (Pl.'s Compl.). Defendant subsequently moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). ECF Nos. 44, 45 (Def.'s Mot. & Mem.).

The Court granted Defendant's Motion, ruling that Plaintiff's Complaint failed to allege sufficient facts to support plausible claims of age discrimination and/or retaliation. ECF No. 56 (Order). With respect to age discrimination, the Court held that Plaintiff did not allege sufficient facts for the Court to infer that he was satisfactorily performing his job duties at the time of his removal in June 2021, or that the individual comparators referred to in Plaintiff's Complaint were substantially younger. *Id*. at 8-16. With respect to retaliation, the Court held that Plaintiff failed to sufficiently plead temporal proximity to allege causation, or in the alternative, continuing retaliatory conduct and animus. *Id*. at 16-20. The Court also held that Plaintiff failed to allege that the decisionmaker who removed him from the agency project in July 2022 was aware of his first EEO complaint. *Id*. at 20-21. However, the Court dismissed Plaintiff's Complaint without prejudice and provided Plaintiff with leave to amend his pleading within forty-five days. *Id*. at 21.

After obtaining an extension of time, Plaintiff timely filed his Amended Complaint alleging age discrimination (Count I) and retaliation (Count II) in violation of the ADEA. ECF No. 60, ¶¶ 31-35. In Count I, Plaintiff alleges that the CIA discriminated against him based on his age when he was removed from his instructor position in June 2021. *Id*. ¶¶ 31-33. In Count II, Plaintiff alleges that the CIA retaliated against him for prior EEO activity when he was prevented from onboarding for the agency project in July 2022. *Id*. ¶¶ 34-35. Plaintiff seeks, among other things, reinstatement, back pay, front pay, and compensatory and liquidated damages. *Id*. ¶ 36.[3]

---

[3] Compensatory damages are not available under the ADEA. *See Slatin v. Stanford Research Inst.,* 590 F.2d 1292, 1296 (4th Cir. 1979); *Walker v. U.S. Dep't of Commerce*, No. 1:11-cv-1195, 2012 WL 1424495, at *7 (E.D. Cal. Apr. 24, 2012); *Grandison v. U.S. Postal Serv*., 696 F. Supp. 891, 896 (S.D.N.Y. 1988). Liquidated damages are also not available against the federal government under the ADEA. *See Walker,* 2012 WL 1424495, at *6; *Grandison,* 696 F. Supp.

III.    **STANDARD OF REVIEW**

"[T]he purpose of Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is to test the legal sufficiency of the complaint."  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it contains factual allegations that permit a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id*.  Although a court must accept all factual allegations as true for purposes of a Rule 12(b)(6) motion, the court need not "'accept as true a legal conclusion couched as a factual allegation.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  Pleadings that offer mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (internal citation and alterations omitted).

IV.    **ARGUMENT**

   A.    **The Court Should Dismiss Count I of Plaintiff's Amended Complaint for Failure to State a Claim.**

The Court should dismiss Count I of Plaintiff's Amended Complaint for failure to state a claim because Plaintiff does not allege a plausible claim of age discrimination under the ADEA.

The ADEA's federal-sector provision provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age."  *Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008)

---

at 896; *Mitchell v. Chao*, 358 F. Supp. 2d 106, 114 (N.D.N.Y. 2005); *Chambers v. Weinberger*, 591 F. Supp. 1554, 1557-58 (N.D. Ga. 1984).

(quoting 29 U.S.C. § 633a(a)).  A plaintiff may prove age discrimination by presenting direct evidence of discrimination, or via the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Song v. Becerra*, No. 20-1554, 2021 WL 3732961, at *1 (4th Cir. Aug. 24, 2021) (citing *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019); *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (en banc)).[4]

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "allege facts to satisfy the elements of an ADEA cause of action."  *Song,* 2021 WL 3732961, at *1 (citing *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (cleaned up)).  "Thus, the plaintiff must plausibly allege that he is (1) over the age of 40, and (2) experienced discrimination by a federal employer (3) because of his age."  *Id*. (citing 29 U.S.C. § 633a(a); *Westmoreland*, 924 F.3d at 725; *Laber*, 438 F.3d at 430); *see also Babb v. Wilkie*, 589 U.S. 399, 406 (2020) (discussing causation requirement for federal-sector ADEA claims).  In reviewing a motion to dismiss, a court must "focus on whether the Complaint contains factual allegations 'sufficient to raise a right to relief above the speculative level' and that support a 'reasonable inference' that [the employer] discriminated against [the employee] 'because of' his age."  *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (quoting *McCleary-Evans*, 780 F.3d at 585, 586).  Although a plaintiff is not required to allege facts in support of all elements of a prima facie case of discrimination, a court "may look to the requirements of a prima facie case as a guide in

---

[4] Direct evidence consists of evidence that the employer "announced, admitted, or otherwise unmistakably indicated that [the forbidden consideration] was a determining factor" in the challenged employment decision.  *Gaines v. McDonald*, 152 F. Supp. 3d 464, 470 (M.D.N.C. 2015) (quoting *Cline v. Roadway Express, Inc*., 689 F.2d 481, 485 (4th Cir. 1982)).  Direct evidence "reflect[s] directly the alleged discriminatory attitude" and "bear[s] directly on the contested employment decision."  *Id*. (quoting *Fuller v. Phipps*, 67 F.3d 1137, 1142 (4th Cir. 1995)).  Plaintiff does not allege any direct evidence of discrimination or retaliation here.  *See* ECF No. 60, ¶¶ 9-35.

assessing the plausibility of [a] plaintiff's claim for relief." *Motley v. Virginia*, No. 3:16-cv-595, 2018 WL 1472491, at *5 (E.D. Va. Mar. 26, 2018) (internal quotations omitted) (citing *McCleary-Evans*, 780 F.3d at 585), *aff'd*, 741 F. App'x 171 (4th Cir. 2018).

In his Amended Complaint, Plaintiff relies upon three core sets of allegations to attempt to establish a plausible inference of age discrimination in connection with his removal. First, he cites the alleged treatment of younger instructors in their 30s and 40s, whom he claims were hired while he and other older instructors more than ten years older were "pushed out" or removed without warning or explanation. ECF No. 60, ¶¶ 19, 22, 23. Second, he claims that he and other "older" instructors were asked to work half-time or otherwise reduce their hours to make way for the hiring of "younger" employees. *Id.* ¶ 21. Finally, he alleges, upon information and belief, that he was replaced by an instructor who was over ten years younger than he was at the time of his removal. *Id.* ¶ 20. As explained below, none of these allegations nudge Plaintiff's age discrimination claim "across the line from conceivable to plausible," as required to withstand a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 570.

1. Plaintiff Fails to Allege Sufficient Facts Concerning Comparator Employees to Permit a Reasonable Inference of Age Discrimination.

To attempt to save Count I from dismissal, Plaintiff primarily relies upon the alleged treatment of younger instructors in their 30s and 40s, whom he claims were hired while he and other older instructors more than ten years older were "pushed out" or removed without warning or explanation. ECF No. 60, ¶¶ 19, 22, 23. But such allegations lack sufficient factual support to permit the Court to reasonably infer that the difference in treatment between Plaintiff and those younger employees was attributable to age discrimination.

Although a plaintiff is not required to identify comparators in order to support a discrimination claim, when he relies upon comparators to support an inference of discrimination,

9

he must establish "that the alleged comparators are sufficiently similar to himself." *Aljizzani v. Middle E. Broad. Networks, Inc.*, No. 1:22-cv-1321, 2023 WL 5017969, at *3 (E.D. Va. Aug. 7, 2023) (citing *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017); *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 265 (4th Cir. 2008))); *see also Williams v. Newport News Sch. Bd.*, No. 4:20-cv-41, 2021 WL 3674983, at *10 (E.D. Va. Aug. 19, 2021) ("On a motion to dismiss, the Plaintiff must allege sufficient facts demonstrating a similarly situated comparator."). Where a plaintiff relies upon comparator evidence, "the given comparators must be similar in all relevant respects." *Williams*, 2021 WL 3674983, at *10 (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 680 (E.D. Va. 2017)). "A showing of similarity to comparators would include evidence that the employees dealt with the same supervisor, were subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id*. (quoting *Emami*, 241 F. Supp. 3d at 680 (internal quotations and alterations omitted)). While "[c]omparators need not be identical," they "must be similar in all relevant aspects, such as conduct, performance, and qualifications." *Id*. (quoting *Emami*, 241 F. Supp. 3d at 680 (internal quotations omitted)).

The Fourth Circuit has approved the dismissal of discrimination claims premised upon comparator evidence where the plaintiff failed to establish a plausible basis to conclude that the plaintiff and the comparators were actually similarly situated, and that a protected characteristic was the true reason for the adverse employment action at issue. *See, e.g., Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (affirming dismissal of discrimination claims where the plaintiff named a comparator outside the protected class, but failed "to establish a plausible basis for believing [the comparator and plaintiff] were actually similarly situated or that race was

10

the true basis for [plaintiff's] termination."); *Tickles*, 805 F. App'x at 208 (affirming dismissal of age discrimination claim where complaint lacked "specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, Appellant's own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own (i.e., whether they were substantially younger than him).").

This Court and other district courts in the Fourth Circuit have ruled similarly, dismissing discrimination claims where the plaintiff relied upon alleged comparators but failed to allege sufficient factual details to support a conclusion that the plaintiff and the comparators were similar in all relevant respects. *See, e.g., Caleca v. Burns*, No. 1:23-cv-1184, 2024 WL 4255052, at *4-5 (E.D. Va. Sept. 20, 2024); *Laber v. Austin*, No. 1:22-cv-145, 2023 WL 2579466, at *7 (E.D. Va. Mar. 20, 2023); *Miller v. Nash Cnty.*, No. 5:21-cv-163, 2022 WL 989213, at *8 (E.D.N.C. Mar. 31, 2022); *Rivera v. Howard Cnty. Pub. Sch.*, Civ. No. 19-3598, 2021 WL 2260376, at *4 (D. Md. June 3, 2021); *Guillen v. Esper*, No. 1:19-cv-1206, 2020 WL 3965007, at *10 (E.D. Va. July 13, 2020); *Adams v. Dep't of Defense*, No. 1:16-cv-1468, 2017 WL 6699484, at *4 (E.D. Va. Sept. 29, 2017).

Here, Plaintiff's vague allegations about younger instructors in their 30s and 40s lack sufficient specificity to establish that Plaintiff and these "younger" employees were "similar in all relevant respects" to Plaintiff, as required to support an inference of discrimination. *See Williams*, 2021 WL 3674983, at *10 (quoting *Emami*, 241 F. Supp. 3d at 680). Specifically, Plaintiff's Amended Complaint lacks allegations establishing that he and the alleged comparator employees "dealt with the same supervisor, were subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would

11

distinguish their conduct or the employer's treatment of them for it." *Id*. (quoting *Emami*, 241 F. Supp. 3d at 680). Plaintiff, for example, does not allege whether any of the alleged younger employees in their 30s and 40s: (i) were subject to supervision by Marc or Johnny; (ii) were subject to the same contract terms and performance standards as Plaintiff; or (iii) engaged in the same type of conduct as Plaintiff prior to his termination. Without such allegations, there is no basis for the Court to infer that Plaintiff and the younger employees were actually similarly situated, or that age was the true reason for Plaintiff's removal. *See Coleman*, 626 F.3d at 191.

    2. <u>Plaintiff Fails to Allege Sufficient Facts About Older Employees to Permit a Reasonable Inference of Discrimination</u>.

In addition to the allegations discussed above, Plaintiff attempts to support Count I with vague allegations concerning the treatment of other "older" employees by the CIA. *See* ECF No. 60, ¶¶ 19, 21, 22, 23. Plaintiff alleges, for example, that other "older" employees were "pushed out," asked to work half-time, and removed without warning or explanation. *See id*. These allegations amount to nothing more than "impermissible 'me too' evidence and inadmissible speculation," which cannot support viable claims of discrimination. *Khan v. FedEx Corp*., No. 1:14-cv-561, 2015 WL 3455177, at *10 (E.D. Va. May 29, 2015) (citing *Abramson v. American Univ*., Civ. No. 86-1413, 1988 WL 152020, at *2 (D.D.C. Jun. 13, 1988); *Schrand v. Fed. Pac. Elec. Co*., 851 F.2d 152, 156 (6th Cir. 1988)), *aff'd*, 628 F. App'x 201 (4th Cir. Jan. 13, 2016).

Moreover, even assuming that such allegations could support viable claims of discrimination in theory, Plaintiff's allegations lack sufficient detail about the other "older" employees to permit the Court conclude that the CIA's treatment of Plaintiff was part of a broader pattern of discrimination against a class of "older" individuals within the meaning of the ADEA. Plaintiff, for example, does not allege any details concerning the age, performance, or conduct of the other "older" employees, or *whether*, *when*, or *why* these employees were treated differently

by the same agency decisionmakers as Plaintiff.  In fact, Plaintiff does not even allege whether the other "older" employees were supervised by Marc and Johnny, and/or whether Marc and Johnny fell into the category of "younger" employees in relation to Plaintiff and others.  *See McNeal v. Montgomery Cnty., Md.*, 307 F. App'x 766, 775 (4th Cir. 2009) ("Courts have held that the fact that the relevant [decisionmaker] is the same age or older than the plaintiff is circumstantial evidence against age discrimination." (citing *Richter v. Hook-SupeRx, Inc.*, 142 F.3d 1024, 1032 (7th Cir. 1998)).  Nor does Plaintiff allege a timeline that supports a reasonable inference of age discrimination with respect to him or other, older employees.  To the contrary, Plaintiff alleges that he worked under the supervision of Marc and Johnny for a period of *one-and-a-half years* and received consistently positive feedback prior to his removal.  *See* ECF No. 60, ¶¶ 14, 16.  If Marc and/or Johnny harbored discriminatory age bias, a reasonable fact-finder would not expect for Plaintiff to remain employed under their supervision for such a lengthy period of time.  *Cf. Laurent-Workman v. Wormuth*, 54 F.4th 201, 219 (4th Cir. 2022) (affirming dismissal where allegations did not support "inference that [supervisor] did not have an opportunity to retaliate against [plaintiff] during the prior seven-month period as her supervisor").  For each of these reasons, the Court is left to speculate that the CIA's alleged treatment of Plaintiff amounted to age discrimination under the ADEA.  Such inadmissible speculation cannot support viable claims of age discrimination.  *See Khan*, 2015 WL 3455177, at *10.

3. <u>Plaintiff Fails to Allege Sufficient Facts Concerning His Alleged Replacement to Support a Reasonable Inference of Age Discrimination.</u>

Finally, Plaintiff alleges, upon information and belief, that he was replaced by an instructor who was over ten years younger than he was at the time of his removal.  ECF No. 60,

13

¶ 20.  But Plaintiff fails to allege sufficient factual details about the alleged replacement to support a reasonable inference of age discrimination.

As an initial matter, Plaintiff's bare allegation that he was replaced by a younger instructor "represents a conclusory statement of the element[ ] of a cause of action, which is insufficient to survive a motion to dismiss." *McNeil v. Faneuil, Inc.*, No. 4:15-cv-81, 2016 WL 11673835, at *4 (E.D. Va. Mar. 1, 2016) (citing *Iqbal*, 556 U.S. at 678); *see also Harman v. Unisys Corp.*, 356 F. App'x 638, 640-41 (4th Cir. 2009); *Britt v. Brennan*, Civ. No. 19-0401, 2020 WL 1701711, at *5 (D. Md. Apr. 8, 2020), *aff'd sub nom., Britt v. DeJoy*, No. 20-1620, 2022 WL 4280495 (4th Cir. Sept. 14, 2022).  In *Britt*, the plaintiff alleged that the U.S. Postal Service terminated her based on her age because: (i) another co-worker, who was ten years younger, wanted her job; and (ii) the Postal Service placed the younger co-worker in the plaintiff's job after her removal.  *Britt*, 2020 WL 1701711, at *5.  The district court held that "[s]uch allegations are mere threadbare recitals of the cause of action for age discrimination under the ADEA, and do not suffice to plead a claim."  *Id.* (citing *Iqbal*, 556 U.S. at 678).  The Court should hold the same here.  Plaintiff's bare allegation concerning his replacement is a conclusory statement of the legal element of a claim, and does not sufficiently support a reasonable inference of age discrimination.[5]

Moreover, even if the Court construes Plaintiff's allegation concerning his replacement as a factual (rather than legal) allegation, the allegation still lacks sufficient facts to support a

_____

[5] Indeed, the Amended Complaint contains several new, almost talismanic references to a ten-year age gap.  *See* ECF No. 60, ¶¶ 19-21, 23; *compare id.*, *with* ECF No. 43.  Perhaps not coincidentally, this is exactly the gap identified by the Court in its Order granting Defendant's Motion to Dismiss Plaintiff's original Complaint.  ECF No. 56 at 13.  But pleading is not "an interactive game in which the plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges."  *In re Gildan Activewear, Inc. Secs. Litig.*, Civ. No. 08-5048, 2009 WL 4544287, at *5 n.5 (S.D.N.Y. 2009) (citation omitted).  Underscoring that Plaintiff is merely reciting an element of his claim is that he provides no *factual* support for his assertion, on "information and belief," that he was "replaced by an instructor who

plausible claim.  In order to raise a reasonable inference of age discrimination, Plaintiff must allege that his replacement had fewer or similar qualifications compared to him at the time of his termination.  *See Laber*, 438 F.3d at 430; *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 274 (4th Cir. 1995); *Branch v. Cnty. of Chesterfield*, Civ. No. 01-302, 2001 WL 1943878, at *6 (E.D. Va. Oct. 12, 2001), *aff'd*, 32 F. App'x 690 (4th Cir. 2002); *Grubbs v. Barnwell Cnty.*, No. 1:09-cv-2002, 2011 WL 286144, at *3 (D.S.C. Jan. 5, 2011), *report & recommendation adopted*, 2011 WL 286142 (D.S.C. Jan. 26, 2011); *see also Walker v. Regan*, No. 1:21-cv-312, 2023 WL 6224635, at *6 (E.D. Va. Sept. 22, 2023), *aff'd*, No. 23-2037, 2024 WL 773585 (4th Cir. Feb. 26, 2024). But Plaintiff fails to meet this mark.  Plaintiff merely alleges that he was replaced by a younger instructor, without any details about the qualifications or experience of the alleged replacement in relation to his own qualifications and experience.  Such threadbare allegations "are insufficient to support a reasonable inference of intentional . . . discrimination."  *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 171 (4th Cir. 2020) (affirming dismissal of race discrimination claim where plaintiff alleged that employer hired person of another race to replace her).

In *McCleary-Evans*, the Fourth Circuit affirmed the dismissal of a race discrimination claim where the plaintiff, an African American job applicant, alleged that the White selecting officials harbored bias against African American women and predetermined to select White candidates for the positions at issue.  780 F.3d at 583-85.  Importantly, the Fourth Circuit

---

was over 10 years younger than he at the time of his removal."  ECF No. 60, ¶ 20.  And "[m]erely stating conclusions 'upon information and belief' without adding factual allegations that support such belief is insufficient to salvage the claims."  *Sabouri-Yazdi v. Red Coats, Inc.*, No. 1:17-cv-691, 2018 WL 10677200, at *1 (E.D. Va. Jan. 17, 2018).

explained that the plaintiff's allegations were too conclusory to survive dismissal. *Id*. at 586. The court stated:

> Only speculation can fill the gaps in her complaint—speculation as to why two "non-Black candidates" were selected to fill the positions instead of her. While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias.

*Id*. (emphasis in original). The same is true here. While the allegation that the CIA hired a younger instructor may be *consistent* with discrimination, it does not—without more—support an inference that the agency was motivated by age bias. Because only speculation can fill in the gaps in Plaintiff's Amended Complaint concerning the relative qualifications of his alleged replacement, the Court should dismiss Count I for failure to state a claim.

**B.    The Court Should Dismiss Count II of Plaintiff's Amended Complaint for Failure to State a Claim.**

The Court should also dismiss Count II of Plaintiff's Amended Complaint for failure to state a claim because Plaintiff does not allege a plausible claim of retaliation under the ADEA.

The ADEA's federal-sector provision "prohibits retaliation against an employee who complains of age discrimination." *Walton v. Harker*, 33 F.4th 165, 171 (4th Cir. 2022) (citing 29 U.S.C. § 633a(a); *Gomez-Perez*, 553 U.S. at 477). As with a claim of age discrimination, an employee may prove retaliation through either direct evidence or through the *McDonnell Douglas* burden-shifting framework. *Id*. To establish a prima facie case of retaliation under the ADEA, a plaintiff must establish that: "(1) he engaged in a protected activity, (2) he suffered an adverse action and (3) there is a causal connection between the activity and adverse action." *McGrone v. Austin*, No. 1:22-cv-375, 2022 WL 17833275, at *6 (E.D. Va. Dec. 21, 2022) (citing *Laber*, 438 F.3d at 432; *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991)).

With respect to the third element of a retaliation claim, a plaintiff "must demonstrate a causal connection or nexus between the employee's protected action and the employer's retaliatory employment decision." *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th 151, 156 (4th Cir. 2023) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272-73 (2001)). "To establish a nexus, a plaintiff can either show a temporal proximity between the protected activity and adverse action, or that other relevant evidence indicates 'continuing retaliatory conduct and animus' toward the plaintiff." *Id.* (quoting *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)).

Here, Plaintiff's retaliation claim fails because his Amended Complaint lacks sufficient factual allegations to establish a causal connection between the filing of the EEO complaint on September 20, 2021, and his alleged termination from the agency project ten months later, in July 2022. Where a plaintiff relies upon temporal proximity to establish a causal connection, "[a] lengthy time lapse between the [defendant's] becoming aware of the protected activity and the alleged adverse . . . action . . . negates any inference that a causal connection exists between the two." *Constantine v. Rector & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) (internal quotations omitted). Moreover, a lapse of as little as two-and-a-half months between the protected activity and an adverse employment action is "sufficiently long so as to weaken significantly the inference of causation." *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003); *see also Barnhill v. Bondi*, — F.4th —, 2025 WL 1408890, at *6 (4th Cir. May 15, 2025) ("[W]ithout other evidence of causation, the gap between the protected activity and the adverse employment action can generally be no longer than two months."). Accordingly, when an employer takes an adverse action against an employee approximately five months or more after the employee's protected activity, the alleged causal connection is too attenuated to support a

17

viable claim of retaliation.  *See, e.g., Gaines*, 152 F. Supp. 3d at 472 (finding that five-month gap between EEO complaint and termination was "too attenuated to establish a causal connection."); *Hemphill v. United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 563 (D.S.C. 2013) (finding that ten-month gap between protected activity and reassignment was "insufficient to demonstrate a causal connection based on temporal proximity alone."); *Butler v. Montgomery Cnty. Gov't*, Civ. No. 12-2605, 2013 WL 5927318, at *1 (D. Md. Oct. 31, 2013) (earlier EEO complaint "cannot form the basis for a retaliation claim because it was made almost ten months before the acts of retaliation alleged by plaintiff occurred."); *Guion v. England*, 545 F. Supp. 2d 524, 533 (E.D.N.C. 2007) (finding that ten months between protected activity and adverse action was "too lengthy to establish a causal connection" in the absence of other evidence of retaliatory intent), *aff'd*, 296 F. App'x 347 (4th Cir. 2008).  Based on this precedent, the ten-month gap between Plaintiff's first EEO complaint and his removal from the agency project is too lengthy to support a causal connection premised on temporal proximity alone.

In cases where, as here, a plaintiff lacks plausible allegations of temporal proximity between the protected activity and adverse action, the plaintiff may still attempt to establish causation through other relevant evidence indicating "'continuing retaliatory conduct and animus' toward the plaintiff."  *Alberti*, 65 F.4th at 156 (quoting *Lettieri*, 478 F.3d at 650); *see also Newell v. Carter Bank & Trust*, No. 4:21-cv-7, 2022 WL 801601, at *6 (W.D. Va. Mar. 15, 2022).  But Plaintiff's Amended Complaint lacks allegations of such conduct here.  Plaintiff does not allege, for example, that the CIA engaged in any form of retaliatory conduct or animus against him during the months that followed his filing of the first EEO complaint.  To the contrary, Plaintiff alleges that he went "through an onboarding process *for months*" with the CIA prior to July 2022, *see*

ECF No. 60, ¶ 26 (emphasis added), which suggests that his first EEO complaint (filed in September 2021) had *no* impact upon the CIA's treatment of him during the same time period.

Plaintiff attempts to establish an inference of retaliation based on the COTR's alleged statement to the program manager that Plaintiff was not allowed to work on the agency project "because of what happened on the other range."  ECF No. 60, ¶ 27.  Plaintiff construed the statement as referring to his prior EEO activity, which he alleges the COTR knew about because it "was well known among the management of the facility."  *Id*. ¶¶ 27-29.  But these allegations are insufficient to support an inference of retaliation for two reasons.

First, the connection between the COTR's alleged statement and Plaintiff's prior EEO activity rests upon pure speculation, which "is not enough to survive a motion to dismiss." *Pearson v. Prince William Cnty. Sch. Bd*., No. 1:22-cv-377, 2023 WL 2506415, at *2 n.3 (E.D. Va. Mar. 14, 2023).  This is especially the case where Plaintiff's conduct "on the other range" led to his termination in June 2021.[6]  As between this "obvious alternative explanation" for Plaintiff's removal from the agency project in July 2022, and the purposeful, invidious retaliation that he asks the Court to infer, retaliation "is not a plausible conclusion."  *See Iqbal*, 556 U.S. at 682; *see also id*. at 679 ("Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  The Court should not permit Plaintiff's retaliation claim to proceed based on his subjective and self-serving interpretation of the COTR's alleged statement.

---

[6] If anything, this allegation as to what Plaintiff was told in July 2022—which notably differs from what he alleged in his original Complaint, *see* ECF No. 43, ¶ 22 ("Mr. Reagan was told that he was not allowed to be on the project due to *his history at the Agency*." (emphasis added))—appears even *more* clearly related to Plaintiff's performance in his prior role rather than any protected activity following his removal.

Second, Plaintiff's allegations concerning the COTR's alleged *knowledge* of his EEO activity are also based upon speculation and unwarranted inferences.  As the Fourth Circuit recently reiterated in affirming the dismissal of a retaliation claim, "the plaintiff must show that a relevant decisionmaker was *actually aware* of the protected activity before making their decision." *Barnhill*, 2025 WL 1408890, at *6 (emphasis added); *see also Roberts v. Glenn Industrial Group, Inc.,* 998 F.3d 111, 124 (4th Cir. 2021) ("To establish a causal relationship between the protected activity and the termination, a plaintiff must show that the decisionmaker was aware of the protected activity at the time the alleged retaliation occurred.").  But Plaintiff fails to allege sufficient facts to establish that the COTR—as opposed to the program manager, or any other official—was the actual decisionmaker responsible for the decision to remove Plaintiff from the agency project.  Moreover, even if it is true that Plaintiff's EEO activity "was well known among the management of the facility," ECF No. 60, ¶ 29, that does not mean that the COTR knew about the activity.  *See Allison v. New Jersey Transit Corp*., No. 2:12-cv-2493, 2014 WL 6474088, at *6 (D.N.J. Nov. 19, 2014 (rejecting vague assertion that lawsuits "were well known around the shop floor" as mere "conclusory allegations or suspicions").  Plaintiff does not allege that the COTR was "among the management of the facility," ECF No. 60, ¶ 29, that allegedly knew of Plaintiff's EEO activity, or otherwise allege any facts suggesting that the COTR specifically knew of such activity.  For each of these reasons, Plaintiff's retaliation claim impermissibly relies upon unwarranted inferences and conclusions, which the Court must reject. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Because Plaintiff fails to allege sufficient facts to support a plausible claim of retaliation under the ADEA, the Court should dismiss Count II of Plaintiff's Amended Complaint for failure to state a claim.

## V.     <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss

Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) for failure

to state a claim upon which relief may be granted.

Respectfully submitted,

JOHN RATCLIFFE, Director
Central Intelligence Agency

ERIK S. SIEBERT
United States Attorney

By:   /s/ *Daniel P. Shean*
       Daniel P. Shean, Assistant U.S. Attorney
        Virginia State Bar No. 84432
       Counsel for Defendant
       Office of the United States Attorney
       101 West Main Street, Suite 8000
       Norfolk, Virginia 23510-1671
       Telephone: (757) 441-6331
       Facsimile: (757) 441-6689
       Email: daniel.shean@usdoj.gov