UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KEVIN REAGAN,**
        *Plaintiff*,

v.                                   CIVIL ACTION NO. 4:23-cv-158

**JOHN RATCLIFFE, Director,
Central Intelligence Agency,**
        *Defendant*.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION**

In his Opposition to Defendant's Motion to Dismiss, Plaintiff fails to identify any factual allegations that support a plausible inference of: (i) age discrimination in connection with his termination from the Central Intelligence Agency ("CIA") in June 2021; or (ii) retaliation in connection with his removal from a CIA project in July 2022.

With respect to his claim of age discrimination, Plaintiff relies on his conclusory and speculative allegation "upon information and belief," that he was replaced by an individual who was over ten years younger than him. Plaintiff also relies upon vague and conclusory allegations concerning the CIA's treatment of "younger" employees in their 30s and 40s, in contrast to him and other, "older" employees. But none of these allegations nudge Plaintiff's claims "across the line from conceivable to plausible," as necessary to survive Defendant's Motion to Dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's allegation concerning his replacement is a threadbare recitation of the legal element of a discrimination claim, and lacks sufficient supporting details to reasonably infer age discrimination. Similarly, Plaintiff's allegations concerning the treatment of comparator employees lack sufficient detail to permit the

Court to conclude that Plaintiff and the comparators were similar in all relevant aspects, such as conduct, performance, and qualifications.

As for his claim of retaliation, Plaintiff attempts to establish a causal nexus between his protected activity and removal in July 2022 based on his argument that the agency took action against him at the first available opportunity, when he reported in person to the workplace. But Plaintiff's argument is belied by his own allegations, which establish that he went "through an onboarding process for months" with the CIA prior to the removal, without any adverse action during the interim period. Plaintiff also relies upon an alleged statement by the contracting officer's technical representative ("COTR") that Plaintiff was not allowed to work on the agency project "because of what happened on the other range." But this allegation relies upon multiple unwarranted inferences and unsupported speculation, which the Court should reject. Far from supporting an inference of retaliation, the alleged statement suggests that Plaintiff was removed from the agency project in July 2022 due to the conduct "on the other range" that resulted in his termination in June 2021.

Because Plaintiff cannot identify any factual allegations that support a reasonable inference of age discrimination or retaliation by the CIA, the Court should dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     ARGUMENT

### A.     The Court Should Dismiss Count I of Plaintiff's Amended Complaint for Failure to State a Claim.

In his Opposition, Plaintiff contends that the Court may draw a reasonable inference of age discrimination based on his allegation that "he was replaced by an instructor who was more than 10 years younger than he at the time of his removal," as well as his allegations that

"instructors more than 10 years younger than [him] were treated more favorably, e.g., in terms of working hours; other instructors over the age of 40 . . . were removed without warning or explanation or were constructively discharged; [and] older instructors were targeted for removal or reduction in their working hours while younger instructors more than 10 years younger were brought in by management." ECF No. 67-1 (Pl.'s Opp.) at 9.[1] But none of these allegations supports a reasonable inference of age discrimination in connection with Plaintiff's termination in June 2021.

First, Plaintiff's threadbare allegation that he was replaced by a younger instructor "represents a conclusory statement of the element[ ] of a cause of action, which is insufficient to survive a motion to dismiss." *McNeil v. Faneuil, Inc.*, No. 4:15-cv-81, 2016 WL 11673835, at *4 (E.D. Va. Mar. 1, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Harman v. Unisys Corp.*, 356 F. App'x 638, 640-41 (4th Cir. 2009); *Britt v. Brennan*, Civ. No. 19-0401, 2020 WL 1701711, at *5 (D. Md. Apr. 8, 2020), *aff'd sub nom., Britt v. DeJoy*, No. 20-1620, 2022 WL 4280495 (4th Cir. Sept. 14, 2022). Plaintiff does not counter this authority. *See* ECF No. 67-1 (Pl.'s Opp.) at 14. Instead, Plaintiff merely contends that pleading allegations "'upon information and belief' . . . is standard in complaints and meets the 12(b)(6) pleading standard in the Fourth Circuit." *Id*. But conclusory and speculative allegations based upon "'information and belief'. . . are insufficient to state a plausible claim for discrimination." *Ward v. Patient*

---

[1] Plaintiff also consumes much of his Opposition emphasizing that he need not plead a *prima facie* case of discrimination or retaliation to survive a motion to dismiss. *See* ECF No. 67-1 (Pl.'s Opp.) at 5, 16-17. But as the Court previously recognized, and as Plaintiff does not dispute, courts may look to the elements of a *prima facie* case as a guide in assessing the plausibility of a plaintiff's claims at the pleading stage. *See* ECF No. 56 (Order) at 9 (citing *Motley v. Virginia*, No. 3:16-cv-595, 2018 WL 1472491, at *5 (E.D. Va. Mar. 26, 2018); *id*. at 16-17 (citing *Connelly v. Guilford Cnty. Schools*, No. 1:24-cv-492, 2025 WL 551896, at *6 (M.D.N.C. Feb. 19, 2025)); *see also* ECF No. 62 (Def.'s Br.) at 8-9.

*Access Network Foundation*, No. 1:24-cv-586, 2025 WL 209815, at *6 (E.D. Va. Jan. 15, 2025). Such allegations "veer away from supporting plausible inferences, and turn instead toward unsupportable conclusory talismanic statements." *Id*. at *5 (quoting *Carter v. Va. Dep't of Game & Inland Fisheries*, No. 3:16-cv-661, 2018 WL 3614975, at *9 (E.D. Va. July 27, 2018)). Plaintiff's mere statement of the legal element of a claim "'upon information and belief' without adding factual allegations that support such belief is insufficient to salvage [his] claims." *Sabouri-Yazdi v. Red Coats, Inc.*, No. 1:17-cv-691, 2018 WL 10677200, at *1 (E.D. Va. Jan. 17, 2018)).

Additionally, as even Plaintiff concedes, to support an inference of age discrimination, his replacement must be substantially younger <u>and</u> "similarly qualified." *See* ECF No. 67-1 (Pl.'s Opp.) at 9 (citing *Loose v. CSRA Inc.*, No. 19-2394, 2021 WL 4452432, at *2 (4th Cir. Sept. 29, 2021); *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006)); *see also Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 274 (4th Cir. 1995); *Branch v. Cnty. of Chesterfield*, Civ. No. 01-302, 2001 WL 1943878, at *6 (E.D. Va. Oct. 12, 2001), *aff'd*, 32 F. App'x 690 (4th Cir. 2002). Yet Plaintiff fails to identify any details about the qualifications or experience of his alleged replacement in relation to his own qualifications and experience. *See* ECF No. 60 (Pl.'s Am. Compl.), ¶¶ 9-30; ECF No. 67-1 (Pl.'s Opp.) at 9-15. Plaintiff's conclusory and threadbare allegation concerning his replacement is therefore "insufficient to support a reasonable inference of intentional . . . discrimination." *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 171 (4th Cir. 2020) (affirming dismissal of race discrimination claim where plaintiff alleged that employer hired person of another race to replace her).

Second, Plaintiff's vague allegations concerning the treatment of younger comparator employees are also insufficient to support a reasonable inference of discrimination. As previously

4

noted, *see* ECF No. 62 (Def.'s Br.) at 9, when a plaintiff relies upon comparators to support an inference of discrimination, he must establish "that the alleged comparators are sufficiently similar to himself." *Aljizzani v. Middle E. Broad. Networks, Inc.*, No. 1:22-cv-1321, 2023 WL 5017969, at *3 (E.D. Va. Aug. 7, 2023); *see also Williams v. Newport News Sch. Bd.*, No. 4:20-cv-41, 2021 WL 3674983, at *10 (E.D. Va. Aug. 19, 2021). "A showing of similarity to comparators would include evidence that the employees dealt with the same supervisor, were subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Williams*, 2021 WL 3674983, at *10 (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 680 (E.D. Va. 2017)).

Once again, Plaintiff fails to counter this authority. *See* ECF No. 67-1 (Pl.'s Opp.) at 13-15. Nor does Plaintiff offer any facts that would support a plausible conclusion that his alleged comparators were "similar in all relevant aspects, such as conduct, performance, and qualifications." *Williams*, 2021 WL 3674983, at *10 (quoting *Emami*, 241 F. Supp. 3d at 680). For example, Plaintiff does not allege whether any of the alleged younger employees in their 30s and 40s: (i) were subject to supervision by Plaintiff's supervisors, Marc and Johnny; (ii) were subject to the same contract terms and performance standards as Plaintiff; or (iii) engaged in the same type of conduct as Plaintiff prior to his termination. Without such allegations, there is no basis for the Court to infer that Plaintiff and the younger employees were actually similarly situated, or that age was the true reason for Plaintiff's removal. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010).

Finally, Plaintiff does not allege whether his supervisors, Marc and Johnny, fell into the category of "younger" employees in relation to Plaintiff and other "older" instructors, such that

5

the Court might infer age discrimination. *See McNeal v. Montgomery Cnty., Md.*, 307 F. App'x 766, 775 (4th Cir. 2009) ("Courts have held that the fact that the relevant [decisionmaker] is the same age or older than the plaintiff is circumstantial evidence against age discrimination." (citing *Richter v. Hook-SupeRx, Inc.*, 142 F.3d 1024, 1032 (7th Cir. 1998)). Nor does Plaintiff allege a timeline that supports a reasonable inference of age discrimination with respect to him or other, older employees. To the contrary, Plaintiff alleges that he worked under the supervision of Marc and Johnny for a period of *one-and-a-half years* and received consistently positive feedback prior to his removal. *See* ECF No. 60 (Pl.'s Am. Compl.), ¶¶ 14, 16. Such a history is not consistent with the age-related animus that Plaintiff alleges on the part of his former superiors. Plaintiff does not—and cannot—counter this additional hole in his theory of alleged discrimination.

Because Plaintiff does not allege sufficient facts to support a plausible inference of age discrimination in connection with his termination, the Court should dismiss Count I of Plaintiff's Amended Complaint for failure to state a claim.

### B. The Court Should Dismiss Count II of Plaintiff's Amended Complaint for Failure to State a Claim.

In his Opposition, Plaintiff argues that despite the ten-month gap between his first EEO complaint and removal in July 2022, he alleges sufficient facts to support a claim of retaliation because "agency managers did not have the opportunity to retaliate against him" until his in-person return to the workplace. ECF No. 67-1 (Pl.'s Opp.) at 17. Plaintiff also argues that he alleges sufficient facts to support a claim of retaliation based upon the COTR's alleged statement that Plaintiff was not permitted to work on the agency project "because of what happened on the other range." *Id*. at 19. Plaintiff is wrong on both counts. Neither of his arguments save his retaliation claim from dismissal.

6

First, Plaintiff's allegations plainly belie his argument that "agency managers did not have the opportunity to retaliate against him" until his in-person return to the workplace in July 2022. ECF No. 67-1 (Pl.'s Opp.) at 17. In his Amended Complaint, Plaintiff alleges that he went "through an onboarding process *for months*" with the CIA prior to July 2022. *See* ECF No. 60 (Pl.'s Am. Compl.), ¶ 26 (emphasis added). This allegation suggests that his EEO complaint had *no* impact upon the CIA's treatment of him during the same time period. Contrary to Plaintiff's argument, nothing prevented the agency from terminating him, or otherwise taking adverse action against him, during the onboarding process that lasted "for months" prior to his in-person appearance in the workplace in July 2022. Additionally, nothing in the Amended Complaint suggests that Plaintiff's in-person appearance in the workplace was required in order for the agency to take adverse action against him.

Second, to support his argument, Plaintiff primarily relies upon *Price v. Thompson*, in which the Fourth Circuit "assume[d], *without deciding*, that in the failure-to-hire context, the employer's knowledge coupled with an adverse action taken at the first opportunity satisfies the causal connection element of the prima facie case" of retaliation. *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004) (emphasis added). But even assuming the *dictum* in *Price* applies, it does not aid Plaintiff's cause here. As already noted, the CIA did not take adverse action against Plaintiff "at the first opportunity," *id*., but rather after an onboarding process that lasted "for months," ECF No. 60 (Pl.'s Am. Compl.), ¶ 26. Moreover, an adverse action must be "coupled with" the employer's knowledge of the plaintiff's protected EEO activity. *Price*, 380 F.3d at 213; *see also Barnhill v. Bondi*, 138 F.4th 123, 132 (4th Cir. 2025) ("[T]he plaintiff must show that a relevant decisionmaker was actually aware of the protected activity before making their decision."). Yet Plaintiff fails to allege that any CIA decisionmakers knew of his first EEO

7

complaint at the time of his removal from the agency project in July 2022. *See* ECF No. 60 (Pl.'s Am. Compl.), ¶¶ 25-30.

Plaintiff contends that he adequately alleged management knowledge based upon his allegation that "on information and belief, the manager who contacted the COTR to remove [him] from the 2022 project was aware of his EEO activity, which was well known among the management of the facility." ECF No. 67-1 (Pl.'s Opp.) at 21; ECF No. 60 (Pl.'s Am. Compl.), ¶ 29. However, Plaintiff's speculative allegations based upon "information and belief" are insufficient to support a plausible claim. *See Ward*, 2025 WL 209815, at \*6. Moreover, Plaintiff does not allege that the manager who contacted the COTR was the decisionmaker responsible for Plaintiff's removal from the agency project, let alone an agency employee. And even if Plaintiff's EEO activity "was well known among the management of the facility," that does not mean that the aforementioned manager, or the COTR, knew about such activity. *See Allison v. New Jersey Transit Corp.*, No. 2:12-cv-2493, 2014 WL 6474088, at \*6 (D.N.J. Nov. 19, 2014 (rejecting vague assertion that lawsuits "were well known around the shop floor" as mere "conclusory allegations or suspicions").

Finally, the COTR's alleged statement—that that Plaintiff was not permitted to work on the agency project "because of what happened on the other range"—does not support an inference of retaliation. In short, the nexus between the alleged statement and Plaintiff's prior EEO complaint rests upon pure speculation, which "is not enough to survive a motion to dismiss." *Pearson v. Prince William Cnty. Sch. Bd.*, No. 1:22-cv-377, 2023 WL 2506415, at \*2 n.3 (E.D. Va. Mar. 14, 2023). This is especially the case where Plaintiff's conduct "on the other range" led to his termination in June 2021. As between this "obvious alternative explanation" for Plaintiff's

8

removal from the agency project in July 2022, and the purposeful, invidious retaliation that he asks the Court to infer, retaliation "is not a plausible conclusion." *See Iqbal*, 556 U.S. at 682.

Because Plaintiff does not allege sufficient facts to support a plausible inference of retaliation in connection with his removal from the agency project in July 2022, the Court should dismiss Count II of Plaintiff's Amended Complaint for failure to state a claim.

### III. CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in Defendant's Memorandum of Law (ECF No. 62), Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

JOHN RATCLIFFE, Director
Central Intelligence Agency

ERIK S. SIEBERT
United States Attorney

By: /s/ *Daniel P. Shean*
Daniel P. Shean, Assistant U.S. Attorney
Virginia State Bar No. 84432
Counsel for Defendant
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Telephone: (757) 441-6331
Facsimile: (757) 441-6689
Email: daniel.shean@usdoj.gov